SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 8555
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 8555
ABLAU@SIDLEY.COM

March 4, 2025

The Honorable Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re: *Andrea Greene v. Piping Rock Health Products, Inc.*, No. 2:24-cv-08383
Pre-motion letter regarding motion to dismiss first amended class action complaint

Dear Magistrate Judge Dunst:

We represent Defendant Piping Rock Health Products, Inc. ("Piping Rock")[1] in the above-referenced matter. Pursuant to the Court's Individual Practice Rule VI(B)(1), we hereby request a pre-motion conference to authorize a motion to dismiss under Fed. R. Civ. P. 12.

Plaintiff alleges she bought Natural Vitality Supplements (the "Supplements") at a Kroger grocery store in Georgia on June 14, 2024.[2] Plaintiff's allegation that the Supplements do not contain 330 mg of magnesium in a serving, as advertised (FAC ¶ 1, 4), is based solely on back-of-the-napkin math using inaccurate statements she found on Wikipedia. *Id.* ¶ 15-18. Plaintiff does not allege any qualitative dissatisfaction with or physical injury from the Supplements, but claims that she would not have purchased them, or would have paid less for them, had she known they did not contain 330 mg of magnesium. Plaintiff asserts claims for fraudulent concealment, breach of express warranty, breach of implied warranty, and alleged violations of Georgia's Fair Business Practices Act ("FBPA"). *Id.* ¶ 37-77. Plaintiff seeks injunctive relief and damages. *Id.* at 19-20.

## 1. Plaintiff Has Not Plausibly Alleged That She Suffered An Injury.

To have standing, Plaintiff must ***plausibly*** allege that she suffered an injury because of a defect in Defendant's product. *Walker v. Keurig Dr. Pepper Inc.*, 2024 WL 3432031, at *4 (E.D.N.Y. July 16, 2024). Article III injuries may be premised on a price premium theory, but only if a plaintiff pleads sufficient facts to reach plausibility, not merely possibility. *See Onaka v. Shiseido Ams. Corp.*, 2023 WL 2663887, at *4 (S.D.N.Y. Mar. 28, 2023). "While the standard for reviewing standing at the pleading stage is lenient, a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing." *Id.* (quoting *Baur v. Veneman*, 352 F.3d 625, 636-37 (2d Cir. 2003)). Plaintiff's complaint rests

[1] Plaintiff characterizes the defendant in this action as "Natural Vitality" and mistakenly asserts that they are a "doing business as" entity of Piping Rock. FAC ¶ 1. Natural Vitality is a trademark owned by a subsidiary of Piping Rock; there is no "d/b/a" entity that exists.

[2] Plaintiff's First Amended Class Action Complaint ("FAC") actually states "June 14, 2204" as the purchase date, but Defendant assumes that is a typographical error and Plaintiff meant June 14, 2024 as the purchase date. FAC ¶ 4.

entirely on uncreditable inferences and conclusions and fails to allege facts sufficient to support a plausible inference that the Supplements had less than 330 mg of magnesium.

Plaintiff has not done any testing of the Supplements, instead relying on "math" premised on a questionable and selectively chosen statement from Wikipedia to drum up an allegation of mislabeling. FAC ¶ 15-18. However, Plaintiff is wrong to rely on percentage of elemental magnesium in magnesium citrate pulled from Wikipedia—an inherently unreliable source[3]—and specifically from a page that explicitly declares it "**needs additional citations for verification**."[4] She compounds the error by ignoring what the Wikipedia page actually says: magnesium citrate can be prepared *either* in a 1:1 ratio with citric acid or in a 3:2 ratio. Wikipedia, *supra* note 4. Thus, even were the Court to credit the Wikipedia page on a motion to dismiss, the case should still be dismissed because the Wikipedia page itself offers an alternative calculation and Plaintiff has not alleged a single fact that suggests that the math based on her selective citation is plausible.

Courts in this Circuit find facts that are "merely hypothetical and conjectural" cannot support a finding of plausibility. *See Amidax Trading Grp. V. S.W.I.F.T. SCRL*, 671 F.3d 140, 146-49 (2d Cir. 2011); *Kell v. Lily's Sweets, LLC*, 2024 WL 1116651, at *3-4 (S.D.N.Y. Mar, 13, 2024) (finding that a Consumer Reports article, which tested two or three chocolate bars, did not supply a factual basis to plausibly allege an injury to Plaintiff). Plaintiff here "provides no facts rendering ***plausible*** her 'naked assertion'" that Defendant's Supplements do not contain 330 mg of magnesium, and thus asserts nothing more "than a sheer possibility that [] defendant has acted unlawfully." *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 191 (S.D.N.Y. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (emphasis added).

Plaintiff also fails to allege that she has suffered or will suffer any adverse health effects from the Supplements (she does not even allege *use* of them). "To allege injury under a price premium theory, a plaintiff must allege not only that defendants charged a price premium, but also that there is a connection between the misrepresentation and any harm from, or failure of, the product." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 350 (S.D.N.Y. 2020). Plaintiff can make no such showing here.

**2. Plaintiff Has Not Alleged Facts Sufficient to Plead Fraud.**

Fraudulent concealment claims are subject to Fed. R. Civ. P. 9(b)'s particularity requirements, so Plaintiff must "allege facts that give rise to a *strong* inference of fraudulent intent." *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 197 (2d Cir. 2013) (internal quotations omitted; emphasis in original); *accord Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). Plaintiff fails to do so, stating only a conclusory allegation of fraudulent

---

[3] It is well known that Wikipedia is not a reliable source. *See* Harvard College Writing Program, *What's Wrong with Wikipedia?*, HARVARD UNIVERSITY, https://usingsources.fas.harvard.edu/what%E2%80%99s-wrong-wikipedia (last visited Feb. 23, 2025) ("As its own disclaimer states, information on Wikipedia is contributed by anyone who wants to post material, and the expertise of the posters is not taken into consideration)."

[4] *See* Wikipedia, the Free Encyclopedia, Magnesium citrate, at https://en.wikipedia.org/wiki/Magnesium_citrate (last visited Feb. 23, 2025) (emphasis in original).

intent (FAC ¶ 39) without any facts as to how Defendant supposedly knew its statements were false, which individuals employed by Defendant allegedly possessed this knowledge, or how or when they supposedly gained that knowledge. Conclusory allegations do not satisfy the FRCP 9(b) standard. *See, e.g., Quiroz v. Beaverton*, 2019 WL 1473088, at *10-11 (E.D.N.Y. Mar. 31, 2019).

**3. Plaintiff's FAC Fails to Sufficiently Plead Any Other Viable Legal Theory.**

Breach of Express and Implied Warranty. Plaintiff allegedly purchased the Supplements at Kroger grocery store and thus lacks the privity with Defendant required to state her warranty claims under Ga. Code Ann. § 11-2-313 and § 11-2-314. *See, e.g., In re Conagra Peanut Butter Prods. Liab. Litig.*, 2011 WL 13118036, at *2 (N.D. Ga. July 28, 2011) (dismissing plaintiff's breach of warranty claims for lack of privity with defendant). "Georgia law still generally precludes the ultimate consumer from recovering on any express or implied warranty when the manufacturer sells the product to the original consumer, e.g. a retailer." *Lee v. Mylan*, 2011 WL 1458160, at *4 (M.D. Ga. Apr. 15, 2011). Moreover, under Georgia law, to prove a breach of the implied warranty of merchantability, a plaintiff must show that the goods were defective at the time of sale and not fit for their ordinary purposes. *See Monticello v. Winnebago Indus., Inc.*, 369 F. Supp. 2d 1350, 1360-61 (N.D. Ga. 2005). Plaintiff makes no claims that the Supplements were not fit for their intended use or that they were defective.

Georgia's Fair Business Practices Act. Plaintiff's Fair Business Practices Act "(FBPA") claims, under Georgia Code § 10-1-390 *et seq.*, also fail. Boilerplate allegations such as "[t]he amount and type of magnesium contained within Defendant's Magnesium Supplements is material to any consumer seeking to purchase the Magnesium Supplements" (FAC ¶ 8) are legally insufficient to plausibly state a claim under the FBPA. *See, e.g., Brazil v. Janssen Rsch. & Dev. LLC*, 249 F. Supp. 3d 1321, 1340-41 (N.D. Ga. 2016). Plaintiff also fails to adequately plead reliance. *Jenkins v. BAC Home Servicing, LP*, 822 F. Supp. 2d 1369, 1375 (M.D. Ga. 2011) ("[A] claimant who alleges the FBPA was violated as a result of a misrepresentation must demonstrate that he was injured as the result of the reliance upon the alleged misrepresentation.").

**4. Plaintiff Lacks Standing To Pursue Injunctive Relief.**

Plaintiff's request for injunctive relief fails to plead imminent future injury. *See Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020) (holding that "past purchasers of a product . . . are not likely to encounter future harm of the kind that makes injunctive relief appropriate"); *Vasell v. SeatGeek, Inc.*, 2025 WL 240912, at *13 (E.D.N.Y. Jan. 17, 2025) ("Plaintiff's complaint includes no facts suggesting a likelihood of future harm from defendant's conduct and thus fails to demonstrate standing.").

Respectfully submitted,

*/s/ Randi W. Singer*

**SIDLEY AUSTIN LLP**

Randi W. Singer
Amanda M. Blau
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
randi.singer@sidley.com
ablau@sidley.com