SIDLEY

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 8555
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 8422
RANDI.SINGER@SIDLEY.COM

June 26, 2025

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

Re: *Andrea Greene v. Piping Rock Health Products, Inc.*, No. 1:24-cv-08383
Pre-motion to dismiss second amended class action complaint letter

Dear Judge Azrack:

We represent Defendant Piping Rock Health Products, Inc. ("Piping Rock")[1] in the above-referenced matter. Pursuant to the Court's Individual Practice Rule VI(B), we hereby request a pre-motion conference to authorize a motion to dismiss under Fed. R. Civ. P. 12.

Plaintiff's Second Amended Complaint ("SAC") is as baseless and frivolous as her two prior complaints. The SAC does not, as Plaintiff promised, "contain additional facts plausibly showing the Supplements are mislabeled," ECF 13, because such facts do not exist. Instead, the SAC asserts the same causes of action and relief sought as the First Amended Complaint ("FAC"): Plaintiff again alleges she bought Natural Vitality® Supplements (the "Supplements") that are mislabeled as containing 330 mg of magnesium when it is allegedly impossible to have such quantity. SAC ¶ 1–4; 14. Plaintiff still does not allege any qualitative dissatisfaction with or physical injury from the Supplements, and just puts forth a price premium theory of injury.[2]

While it is true that the pleading standard at this stage is lenient, even assuming all allegations in the complaint are true, they must be enough to rise above a "speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see Onaka v. Shiseido Ams. Corp.*, 2023 WL 2663877, at *4 (S.D.N.Y. Mar. 28, 2023) (explaining that "a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing.") (quoting *Baur v. Veneman*, 352 F.3d 625, 636–37 (2d Cir. 2003)). Plaintiff fails to clear even this low bar; the SAC contains nothing more than "legal conclusion[s] couched as [] factual allegation[s]." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

---

[1] Plaintiff characterizes the defendant in this action as "Natural Vitality" and mistakenly asserts that they are a "doing business as" entity of Piping Rock. SAC ¶ 1. Natural Vitality is a trademark owned by a subsidiary of Piping Rock; there is no "d/b/a" entity that exists.

[2] Piping Rock incorporates, as if stated fully herein, all of the arguments presented in Piping Rock's pre-motion letter to dismiss Plaintiff's First Amended Complaint, dated March 4, 2025. *See* ECF 10.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

Like the FAC, the SAC does not mention testing results or analyses. For that reason alone, dismissal is appropriate here. Courts in this circuit have repeatedly dismissed consumer product complaints that fail to show any supportive facts or testing upon which they based their claims. *E.g.*, *Wiggins v. Unilever U.S., Inc.*, 684 F. Supp. 3d 127, 150–51 (S.D.N.Y. 2023) (dismissing complaint that failed to explain what information or facts supported the conclusion that certain Dove products were misleading); *Hawkins v. Coca-Cola Co.*, 654 F. Supp. 3d 290, 305–06 (S.D.N.Y. 2023) (dismissing complaint where plaintiff "plainly ma[de] bare, unsubstantiated allegations . . . without any additional factual support from product testing"); *Turnipseed v. Simply Orange Juice Co.*, 2022 WL 657413, at *4 (S.D.N.Y. Mar. 4, 2022) (dismissing complaint where plaintiff's allegations were not supported by a study and did not "concern matters of common knowledge for which such conclusion would evidently follow").

Instead of testing or providing any scientific basis, Plaintiff's conclusory claim that the product cannot possibly contain 330 mg is still founded exclusively on unsupported assumptions and a single calculation based on something she read on Wikipedia. Even when given the opportunity to amend, Plaintiff has again failed to find ***any*** authoritative source for her conclusions about the product's weight and ingredient formulation. *See* SAC ¶ 15–18. Worse, Plaintiff's amendments make clear that she has no basis for her assertions because her underlying facts change between the FAC and the SAC. For example, the FAC claimed that "one serving of the gummies weighs at most 10 grams, 8 grams of which are comprised of carbohydrates, leaving at most 2 grams to contain the disclosed magnesium." FAC ¶ 15. Now, the SAC concludes, again without authority or citation, that "one serving of the gummies weighs 9,622 mg (9.622 grams), 8,000 mg (8 grams) of which are comprised of carbohydrates, leaving at most 1,622 mg grams to contain the disclosed magnesium." SAC ¶ 15. No source is given for these seemingly precise measurements, which cannot be derived from the product label (the FDA's Dietary Supplements Guidance Documents require weight estimates of ingredients to be rounded to the nearest 1 gram for labeling purposes),[3] and which actually demonstrate a fundamental misunderstanding of how supplements work. Because magnesium is a natural element, its weight will have natural variations and thus, the exact weight will have very small variations from lot to lot.[4] There is no need to assume the truth of Plaintiff's allegations when they are demonstrably false. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (noting that on a motion pursuant to Rule 12(b), facts are assumed to be true "unless contradicted by more specific allegations or documentary evidence") (citations omitted).

If Plaintiff did test the supplement she purchased, she would learn that her calculation, based on Wikipedia citations, is inaccurate and that the amount of magnesium contained every four-gummy serving is at least 330 mg per serving, as advertised. Piping Rock tests each lot, has data to support this assertion, and repeatedly offered to share these data with Plaintiff in response to her pre-suit demand letter. Plaintiff repeatedly refused to accept Piping Rock's offers in what appears to be a willful attempt to avoid learning the truth behind her claims. Specifically, on September 19, 2024, Plaintiff sent a pre-suit demand letter to Piping Rock, alleging that the Supplements contain significantly less than the advertised amount of magnesium. Piping Rock

[3] 21 C.F.R. § 101.9(c)(6) (2025).
[4] *See* 21 C.F.R. § 101.9(g)(3), (g)(4) (2025).

responded explaining why Plaintiff's mathematical assumptions about the Supplements' magnesium content and weight were wrong, and specifically clarified her assumption that 8 grams of a four-gummy serving are carbohydrates is inaccurate. Piping Rock also offered to share laboratory test results with Plaintiff pursuant to a confidentiality agreement, so she could see that her claims were unsupported by third-party testing and false. Piping Rock additionally offered to review any test results Plaintiff may have obtained related to the Supplements. Plaintiff refused to sign Piping Rock's proposed confidentiality agreement, refused to provide edits to Piping Rock's proposed confidentiality agreement, and refused to provide her own proposed confidentiality agreement, thus purposefully putting herself in a position where she was unable to receive Piping Rock's laboratory testing results and learn the truth about her claims.

Willfully blinding herself to the knowledge that Piping Rock has testing and analysis to support its truthful 330 mg per serving claim made on the label, and declining to conduct a simple investigation to confirm the accuracy of her mathematical conclusions, Plaintiff continues to pursue unsupported and baseless claims about Piping Rock's magnesium supplements relying solely on citations to Wikipedia. SAC ¶ 15–18. Facts that are "merely hypothetical and conjectural" cannot support a finding of plausibility. *See Amidax Trading Grp.*, 671 F.3d at 146–49; *Kell v. Lily's Sweets, LLC*, 2024 WL 1116651, at *3–4 (S.D.N.Y. Mar, 13, 2024) (finding that a Consumer Reports article, which tested two or three chocolate bars, did not supply a factual basis to plausibly allege an injury to plaintiff). Plaintiff here "provides no facts rendering ***plausible*** her 'naked assertion'" that Piping Rock's Supplements do not contain 330 mg of magnesium, and thus asserts nothing more "than a sheer possibility that [] [D]efendant has acted unlawfully." *See Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 191 (S.D.N.Y. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (emphasis added). Plaintiff—who is purposefully hiding from the truth—should not be permitted to continue wasting the Court's and parties' time and resources by pursuing a baseless claim.

Respectfully submitted,

*/s/ Randi W. Singer*

**SIDLEY AUSTIN LLP**

Randi W. Singer
Amanda M. Blau
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
randi.singer@sidley.com
ablau@sidley.com