**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Andrea Greene, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>Piping Rock Health Products, Inc. d/b/a Natural Vitality,<br><br>Defendant. | Civil Action No.: 2:24-cv-08383-LGD |

**PROPOSED DISCOVERY PLAN/SCHEDULING ORDER**

**Case No.:** 2:24-cv-08383-LGD **Date of Initial Conference:** January 20, 2025 at 2:30 p.m.

Plaintiff (including names of counsel who will appear at the initial conference): Plaintiff Andrea Greene. Counsel: Sergei Lemberg and Joshua Markovits, Lemberg Law.

Defendants(s) (including names of counsel who will appear at the initial conference): Piping Rock Health Products, Inc. Counsel: Randi Singer, Sidley Austin LLP

**PREPARATION FOR INITIAL CONFERENCE**

1. **Rule 26(f) Meeting:**

   a. Date of meeting held: January 12, 2026.

   b. Plaintiff's representative who participated: Joshua Markovits

   c. Defendant's representative who participated: Randi Singer

2. **Discovery Exchanged Prior To Initial Conference**

   a. Plaintiff anticipates serving her initial disclosures, first set of interrogatories and first set of requests for the production of documents on Defendant before the January 20, 2026, conference.

   b. Defendant anticipates serving their initial disclosures before the January 20, 2026 conference.

3. **Electronically Stored Information (if any)**

    a. Have counsel discussed any ESI to be produce?

        i. Counsel have not discussed any ESI production.

        ii. Plaintiff anticipates seeking ESI from Defendant including the production of internal emails.

        iii. Defendant anticipates seeking ESI from Plaintiff including, but not limited to, the production of email communications.

    b. Have the parties entered into an ESI protocol?

        i. The parties have not yet entered into an ESI protocol but anticipate entering into one.

4. **Protective Order (if any).** The Parties anticipate submitting a proposed protective order to the Court within the following thirty (30) days.

5. **Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)?** No.

## PHASE 1 DISCOVERY

The Parties already conducted an initial settlement conference on December 4, 2025 with mediator Robyn Weinstein, which did not result in a settlement. Accordingly, Phase I is complete.

## PHASE 2 DISCOVERY

1. **Deadline for proposed amendment of the pleadings to add claims or join additional parties:** July 20, 2026.

2. **Anticipated number of depositions:**
    a. Plaintiff: 2-6 depositions.
    b. Defendant: 2-4 depositions

3. **Date for completion of fact discovery:** October 20, 2026

4. **Number of expert witnesses:**
    a. Plaintiff: 1-3 expert witnesses.
    b. Defendant:  1-3 expert witnesses.

5. **Date for submission of motion for class certification, including Plaintiffs' class expert reports:** December 11, 2026.

6. **Date for submission of opposition to motion for class certification, including Defendant's class expert reports:** February 26, 2027.

7. **Date for submission of reply in support of motion for class certification:** March 31, 2027.

8. **Hearing on Motion for Class Certification:** To be set by Court.

9. **Parties to meet and confer to set further schedule :** Within 30 days following decision on motion for class certification.

## BIFURCATION OF DISCOVERY

The Parties dispute whether discovery should be bifurcated and submit their respective positions below:

**Plaintiff:** The discovery phase of this case should involve the exchange of all relevant fact discovery. The Court should not bifurcate discovery into an initial 'class certification discovery' phase and a subsequent 'merits discovery' phase as Defendant proposes. This case concerns Defendant's design, manufacture, distribution and sale of the allegedly mislabeled magnesium supplement. The relevant evidence will include the Defendant's practices and policies concerning the design, manufacture, distribution and labeling of its product, the contents of the magnesium supplements, and the recorded sales of the magnesium supplements among other issues. This evidence is relevant to both class and merits issues. Bifurcation will only lead to disputes about what is and what is not class or merits issues and will greatly prolong and complicate proceedings. This is for no apparent benefit other than delay. And that delay works great harm to the Plaintiff and the putative classes she seeks to represent as memories fade and documents could be lost.

Accordingly, the Court should reject Defendant's request for bifurcation. *See, e.g., Cunningham v. Big Think Cap. Inc.,* 2021 WL 4407749, at *3-4 (E.D.N.Y. Sept. 27, 2021) (denying defendant's request for bifurcated discovery where bifurcation would result in duplicative discovery; "will potentially cause disputes over which records pertain to the class certification issue and which records pertain to the merits of Plaintiff's individual claim"; "would not ensure the 'just, speedy, and inexpensive determination' of the action'" and would not result in any "undue burden and expense to Defendant because much of the discovery as to Plaintiff's claim will be largely the same as class discovery.") (citing Fed. R. Civ. P. 1); *Melville v. HOP Energy, LLC,* 2023 WL 4054945, at *2 (S.D.N.Y. May 11, 2023) (denying request to bifurcate discovery into individual and class phases and noting that courts are reluctant to bifurcate because a "key question in class certification may be the similarity or dissimilarity between the claims of the representative parties and those of the class members—an inquiry that may require discovery on the merits and development of basic issues.") (internal citation and quotation marks omitted).

**Defendant:** This Court should bifurcate discovery into class-certification and merits discovery.

Courts have broad discretion to control their dockets, including ordering bifurcation where it

promotes judicial economy and does not unfairly prejudice any party. *See* Fed. R. Civ. P. 42(b); *EM Ltd. v. Rep. of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).

Bifurcation here would advance efficiency by allowing the Court to determine "at an early practicable time" whether Plaintiff's class claims satisfy the standards under Rule 23 and are appropriate for class action treatment. *See Manual for Complex Litigation* (Fourth) § 21.14 ("Courts often bifurcate discovery between certification issues and those related to the merits of the allegations."). And where, as here, denial of class certification may eliminate subject-matter jurisdiction, it is "imperative that the [C]ourt ascertain as quickly as possible whether this action can be maintained as a class action." *Hall-Landers v. New York Univ*., No. 20CIV3250GBDSLC, 2023 WL 8113243, at *5 (S.D.N.Y. Nov. 22, 2023) (citation omitted) (ordering parties to first focus their efforts on discovery related to class certification).

Bifurcating discovery also avoids premature, expensive merits discovery that may be unnecessary if certification is denied. *See Manual for Complex Litigation* (Fourth) § 21.14 ("[I]n cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden."). Class-certification discovery is directed to Rule 23 issues. This includes identifying the proposed class definitions, the scope of putative class members and sales, and whether common questions predominate based on uniform labeling/marketing practices. Merits discovery, by contrast, goes to liability and damages questions such as whether the product in fact could contain (and did contain) the labeled "330 mg" of magnesium "as magnesium citrate," including issues about formulation/composition.

## DIVERSITY JURISDICTION

Plaintiff asserts the Court has diversity jurisdiction pursuant to 28 U.S.C. § § 1332(d) because (1) during the Class Period Defendant sold its Magnesium Supplements to more than 100 people, (2) in the same period those sales, combined with Plaintiff's requested injunctive relief, punitive damages and attorneys' fees, exceeds $5,000,000, and (3) there is minimal diversity because Plaintiff and class members, and Defendant, are citizens of different states.

Defendant does not agree that Plaintiff is entitled to injunctive relief or damages, but does not intend to challenge jurisdiction on that basis.

*<u>/s/ Sergei Lemberg</u>*

Sergei Lemberg
Joshua Markovits
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com
jmarkovits@lemberglaw.com
*Attorneys for Plaintiff*

*/s/ Randi W. Singer*
Randi W. Singer
Amanda M. Blau
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
randi.singer@sidley.com
ablau@sidley.com
*Attorneys for Defendant*