LEMBERG LAW

**Sergei Lemberg**

43 Danbury Road
Wilton, CT 06897
Tel: 203-653-2250

Office:203-653-2250 x5500
Fax:203-653-3424
Email:slemberg@lemberglaw.com

January 15, 2026

**BY ECF**

The Honorable Judge Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re: *Greene v. Piping Rock Health Products, Inc.,* No. 2:24-cv-08383
Plaintiff's Response to Letter Requesting Adjournment of January 20, 2026 Initial Conference

Dear Judge Dunst:

I represent Plaintiff in the above-captioned action and write to note Plaintiff's opposition to Defendant's January 14, 2026, request for adjournment of the January 20, 2026, Initial Conference.

Plaintiff filed this lawsuit one year ago and a scheduling order has not yet been entered. However, now that the Parties have recently conducted their Rule 26(f) conference and are about to commence discovery,[1] defendant seeks to adjourn the Initial Conference (and stay discovery) in light of its not-yet-filed motion to dismiss. There are no grounds for the Court to adjourn the Initial Conference or stay discovery and the request should be denied.

As this Court's Individual Practice Rules state, "[o]nce a case been filed, there is no automatic stay of discovery" and "[t]he Court expects the parties to begin the discovery process before the Initial Conference." Moreover, courts in this District hold that a "motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024) (internal citations and quotation marks omitted). While the Court may exercise its discretion to stay discovery where the defendant makes a showing of "good cause" that a stay is warranted due to the specifics of that case, *id.,* defendant fails to show good cause exists here. For instance, defendant does not attempt to argue that its forthcoming motion to dismiss will be meritorious; it simply asserts that – as with all dispositive motions – its motion

[1] Following the Parties' recent conference, Plaintiffs are preparing their initial disclosures and discovery requests which they intend on serving on Defendant before the January 20, 2026, conference.

"*could* significantly limit the scope of this case." (emphasis supplied). Nor does defendant point to any specific burden or prejudice it will suffer in engaging in discovery now while the not-yet-filed motion is pending other than the generic "expenditure of party and Court resources." Further, given that this case has already been pending for nearly one year, Plaintiff will be prejudiced if the Court stayed discovery. *See Califano v. Roman Cath. Diocese of Rockville Ctr., New York*, 751 F. Supp. 3d 42, 55 (E.D.N.Y. 2024) (denying motion to stay where discovery was needed for plaintiff to proceed with their case).

For the foregoing reasons, the Court should not adjourn the January 20, 2026, Initial Conference. In the alternative, if the Court does adjourn the Conference, the Court should permit the Parties to continue to exchange fact discovery in the interim notwithstanding defendant's forthcoming motion to dismiss.

Sincerely,

*/s/ Sergei Lemberg*

Sergei Lemberg
Joshua Markovits
*Attorneys for Plaintiff*