faegre drinker

faegredrinker.com

**Jeffrey S. Jacobson**
Partner
jeffrey.jacobson@faegredrinker.com
+1 212 248 3191 direct

**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
+1 212 248 3140 main
+1 212 248 3141 fax

April 15, 2026

**VIA ECF**

Hon. Joan M. Azrack, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Courtroom 920
Central Islip, NY 11722

Hon. Lee G. Dunst, U.S.M.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Courtroom 830
Central Islip, NY 11722

Re: *Andrea Greene v. Piping Rock Health Products, Inc.*, Civil Action No.: 2:24-cv-08383

Dear Judges Azrack and Dunst:

We represent defendant Piping Rock Health Products, Inc. ("Piping Rock") in the above-referenced matter. We write pursuant to Your Honors' Individual Practices regarding Piping Rock's motion for sanctions against Plaintiff and/or her counsel, pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent authority.

On March 19, 2026, we served Plaintiff and her counsel with the attached motion seeking sanctions. As explained in the motion, Plaintiff and her counsel had no valid basis, either in fact or law, to file the instant lawsuit. Further, Piping Rock has produced to Plaintiff, through her counsel, documents conclusively disproving Plaintiff's claims. These documents include (1) independent laboratory test results demonstrating that Piping Rock's "Natural Vitality Calm Magnesium Gummies Magnesium Supplements"—the product at issue in the lawsuit—contain the promised amount of magnesium derived from magnesium citrate; and (2) the confidential formula for the product showing the amount of magnesium citrate used to create each gummy. Piping Rock also has explained to Plaintiff's counsel the fundamental math error underlying Plaintiff's claims.

The statutory safe harbor period for Plaintiff to withdraw her claims expired on April 9, 2026. Plaintiff now must respond to Piping Rock's motion.

Because of this Court's "bundling rule," Piping Rock has not formally filed the attached Rule 11 motion, but Piping Rock requests the Court's confirmation that the motion has been deemed filed as of the end of the 21-day safe harbor period. *See* Fed. R. Civ. P. 11(c)(2). Briefing on the motion should proceed pursuant to the standard schedule, and Piping Rock will cause all motion papers to be publicly filed on ECF once briefing is complete.

We appreciate the Court's attention to this matter.

Respectfully submitted,

Jeffrey S. Jacobson

/

Attachments

cc: Counsel of record for all parties (via ECF)