**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ANDREA GREENE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PIPING ROCK HEALTH PRODUCTS, INC.,<br><br>Defendant. | Civil Action No: 2:24-CV-08383-JMA-LGD<br><br>**NOTICE OF MOTION FOR SANCTIONS** |

---

**PLEASE TAKE NOTICE** that upon the annexed Memorandum, the Declarations of Reena Kiriyanthan and Jeffrey S. Jacobson, and the exhibits thereto, Defendant Piping Rock Health Products, Inc., by and through its undersigned counsel, will move this Court, Hon. Joan M. Azrack, U.S.D.J., in Courtroom 920, as soon as counsel may be heard, for an order, pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent authority, imposing sanctions against Plaintiff Andrea Greene and/or her attorney, Sergei Lemberg of Lemberg Law, LLC.

Dated: New York, New York
April 15, 2026

By: ______________________

Jeffrey S. Jacobson
**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
(212) 248-3140
Jeffrey.Jacobson@faegredrinker.com
*Attorneys for Defendant*
*Piping Rock Health Products, Inc.*

**TO:** Sergei Lemberg
**LEMBERG LAW, LLC**
43 Danbury Road
Wilton, CT 06897
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ANDREA GREENE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PIPING ROCK HEALTH PRODUCTS, INC.,

Defendant.

---

Civil Action No.: 2:24-CV-08383-JMA-LGD

**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**

Jeffrey S. Jacobson
W. Joshua Lattimore
**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
(212) 248-3187
Jeffrey.Jacobson@faegredrinker.com
Joshua.Lattimore@faegredrinker.com

*Attorneys for Defendant*
*Piping Rock Health Products, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION .......... 1
FACTUAL AND PROCEDURAL BACKGROUND .......... 3
LEGAL STANDARD .......... 8
I. Sanctions Under Fed. R. Civ. P. 11. .......... 9
II. Sanctions Under 28 U.S.C. § 1927. .......... 10
ARGUMENT .......... 11
I. The Factual Contentions in the SAC Have No Evidentiary Support and Will Not Have Evidentiary Support .......... 13
II. The Legal Contentions in the SAC Are Not Warranted by Existing Law or by Nonfrivolous Arguments for Extending, Modifying, or Reversing Existing Law. .......... 17
III. Lemberg's Maintenance of this Lawsuit is Vexatious and in Bad Faith. .......... 20
CONCLUSION .......... 21
WORD COUNT CERTIFICATION .......... 22

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Amavizca v. Nutra Mfg., LLC*,
2020 WL 8837145 (C.D. Cal. Oct. 20, 2020)....16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....14

*In re Austl. & N.Z. Banking Grp. Ltd. Secs. Litig.*,
712 F.Supp.2d 255 (S.D.N.Y. 2010)....15, 16

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)....10

*Cohen v. Nutricost*,
747 F.Supp.3d 467 (E.D.N.Y. 2024)....12, 13

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990)....10, 14

*Dib v. Apple Inc.*,
2026 WL 483057 (N.D. Cal. Feb. 20, 2026)....18

*DM Manager LLC v. Fidelity Nat'l Info. Servs., Inc.*,
2025 WL 863338 (2d Cir. Mar. 19, 2025)....14

*Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*,
782 F.2d 329 (2d Cir. 1986)....11

*Dunning v. Supergoop, LLC*,
2025 WL 34822 (S.D.N.Y. Jan. 6, 2025)....19, 20

*Fahey v. Deoleo USA, Inc.*,
2018 WL 5840664 (D.D.C. Nov. 8, 2018)....20

*Gaminde v. Lang Pharma Nutrition, Inc.*,
2019 WL 1338724 (N.D.N.Y. Mar. 25, 2019)....19

*Goldman v. Barrett*,
825 F.App'x 35 (2d Cir. 2020)....9, 15, 16

*Goodyear Tire & Rubber Co. v. Haeger*,
581 U.S. 101 (2017)....10

*Henderson v. Gandy*,
623 S.E.2d 465 (Ga. 2005)....13

*Herzlinger v. Nichter*,
2011 WL 4585251 (S.D.N.Y. Sept. 8, 2011) .......... 10, 11, 20

*Johnson v. Univ. of Rochester Med. Ctr.*,
642 F.3d 121 (2d Cir. 2011) .......... 20, 21

*Kropelnicki v. Siegel*,
290 F.3d 118 (2d Cir. 2002) .......... 9

*Liebowitz v. Bandshell Artist Mgmt.*,
6 F.4th 267 (2d Cir. 2021) .......... 8

*Lozano v. Bowmar Nutrition LLC*,
2021 WL 4459660 (C.D. Cal. Aug. 19, 2021) .......... 16

*Malkan v. Mutua*,
699 F.App'x 81 (2d Cir. 2017) .......... 9

*McCabe v. Lifetime Entm't Servs., LLC*,
761 F.App'x 38 (2d Cir. 2019) .......... 9

*Mitchell v. Backus Cadillac-Pontiac, Inc.*,
618 S.E.2d 87 (Ga. Ct. App. 2005) .......... 13

*Oliveri v. Thompson*,
803 F.2d 1265 (2d Cir. 1986) .......... 10

*Rivera v. S.C. Johnson & Son, Inc.*,
2021 WL 4392300 (S.D.N.Y. Sept. 4, 2021) .......... 17, 18

*Rossbach v. Montefiore Med. Ctr.*,
81 F.4th 124 (2d Cir. 2023) .......... 10

*Simon v. Philip Morris Inc.*,
124 F.Supp.2d 46 (E.D.N.Y. 2000) .......... 13

*Specter v. Texas Turbine Conversions, Inc.*,
505 F.Supp.3d 936 (D. Alaska 2020) .......... 4

*Stern v. Electrolux Home Prods., Inc.*,
2024 WL 416495 (E.D.N.Y. Jan. 30, 2024), *R. & R. adopted at* 2024 WL
4297656 (E.D.N.Y. Sept. 26, 2024) (Azrack, J.) .......... 14

*Wiggins v. Unilever U.S., Inc.*,
684 F.Supp.3d (S.D.N.Y. 2023) .......... 18

*Wilson v. J&L Melton, Inc.*,
606 S.E.2d 47 (Ga. Ct. App. 2004) .......... 13

**Statutes, Rules & Regulations**

28 U.S.C. § 1927 .......... *passim*

21 C.F.R. § 101.9(c)(6) .......... 1, 4

Fed. R. Civ. P. 9(b) .......... 14

Fed. R. Civ. P. 11(b) .......... 9

Fed. R. Civ. P. 11(b)(2) .......... 9, 20

Fed. R. Civ. P. 11(b)(3) .......... 9, 14, 16

Fed. R. Civ. P. 11(c)(1) .......... 9

Fed. R. Civ. P. 11(c)(2) .......... 8

Fed. R. Civ. P. 11(c)(4) .......... 9

Fed. R. Civ. P. 12 .......... 3

**Other Authorities**

*Restatement (Second) of Torts*, §§ 550, 551 .......... 13

https://en.wikipedia.org/wiki/Magnesium_citrate .......... 4, 5

https://en.wikipedia.org/wiki/Magnesium_citrate_(3:2) .......... 5, 6

https://en.wikipedia.org/wiki/Magnesium_glycinate .......... 12

## INTRODUCTION

Plaintiff Andrea Greene and her attorneys at Lemberg Law, LLC ("Lemberg") have falsely, and with insufficient pre-suit investigation, alleged that Defendant Piping Rock Health Products, Inc. ("Piping Rock") sold "Natural Vitality Calm Gummies Magnesium Supplements" (the "Product") that purportedly contained less than the 330-milligram quantity of "magnesium from magnesium citrate" promised on the label. Lemberg did not obtain a laboratory analysis or similar support before filing this baseless lawsuit, as courts in this Circuit repeatedly have held to be required in cases of this type. Instead, Lemberg performed shoddy legal research that caused him to misread ingredient weights on the Product's label and premised Greene's claim on nothing more than faulty math based on that misreading.

Lemberg's Second Amended Complaint ("SAC") alleged that "one [four-gummy] serving of the [Product] weighs 9,622 milligrams," with each gummy weighing approximately 2,405 milligrams. (*See* SAC ¶ 15.) Any scale could confirm that. But, when Lemberg read Piping Rock's statement on the Product's "Supplement Facts" panel that the "Total Carbohydrate" weight of a gummy (there is no magnesium in the carbohydrates) was two grams (*id.*), and made this the sole basis of his claim that there is not enough remaining room in a gummy for the promised quantity of magnesium, Lemberg failed to account for the federal regulation that governs this labeling, 21 C.F.R. § 101.9(c)(6), which requires Piping Rock to round fractional weights to the nearest full gram. Had Lemberg sent the Product to a lab for analysis, he would have learned that the carbohydrate weight of a gummy is approximately 1,543 milligrams, which the regulation required Piping Rock to round up to two grams on the label. The SAC admits that so long as a single gummy contains at least 509 milligrams of magnesium citrate (which it does), the label's promise of 330 milligrams of magnesium as magnesium citrate for a four-gummy serving size is accurate (which

it is). Lemberg's failure to account for the regulation-mandated rounding rendered his theory of the case entirely wrong. That is:

2,405 mg (1 full gummy) – 1,543 mg (carbohydrates) = 862 mg (remaining ingredients)

Lemberg should never have filed this case. By doing so without sufficient factual and legal investigation, Lemberg violated Fed. R. Civ. P. 11. Lemberg then compounded his error by continuing the case even after Piping Rock provided him with proof that his theory was wrong. From the very beginning of the case, Piping Rock advised Lemberg that his theory was, is, and continues to be without merit. Lemberg ignored that. Piping Rock then gave Lemberg test results from a leading independent laboratory, Eurofins, confirming that the Product contains the promised quantity of magnesium and that the source of that magnesium is magnesium citrate. Piping Rock also produced to Lemberg (1) the confidential formula for the Product, which showed both the quantity of magnesium citrate added to the Product during manufacturing and the total weight of carbohydrates used in the Product; (2) the Product's minimal formula changes from 2019 forward, encompassing the entire class period, which also showed that the Product always has contained the promised quantity of magnesium from magnesium citrate; and (3) certificates of analysis from Eurofins, which show that the magnesium in the Product is derived from magnesium citrate, as promised on the Product label. Despite this incontrovertible evidence, and having zero evidence of his own to refute test results from an independent laboratory, Lemberg just marches on. This is precisely the kind of abuse of process behavior that Rule 11 is designed to address.

When Lemberg failed to dismiss his case after receiving this information, he not only violated Rule 11, but also crossed the line into vexatiousness, violating 28 U.S.C. § 1927. The court should sanction Lemberg for these violations and require him to pay Piping Rock's attorneys' fees and out-of-pocket costs.

## FACTUAL AND PROCEDURAL BACKGROUND

In this putative class action lawsuit, Greene, through Lemberg, alleges that Piping Rock's "Natural Vitality Calm Gummies Magnesium Supplement" does not contain 330 milligrams of magnesium from magnesium citrate, as promised on the Product's label. (SAC ¶ 2.) They assert four causes of action sounding in fraud, breach of warranty, and alleging violations of Georgia consumer protection statutes. (*See generally id.*) Greene filed this case on December 6, 2024, with her Complaint signed by Sergei Lemberg. (DE 1.) She filed a First Amended Complaint on January 28, 2025, also signed by Mr. Lemberg. (DE 6.) Neither document alleged that Greene or Lemberg possessed laboratory test results or expert opinion supporting their claims.

On March 4, 2025, Piping Rock, pursuant to this Court's individual practices, filed a pre-motion letter seeking leave to file a motion to dismiss under Fed. R. Civ. P. 12. (DE 10 at 1.) That letter outlined the deficiencies in the First Amended Complaint, including that Greene and Lemberg had "not done any testing" of the Product and had instead relied on "'math' premised on a questionable and selectively chosen statement from Wikipedia" to support the claim of mislabeling. (*Id.* at 2.) Piping Rock's letter also explained that "[c]ourts in this Circuit find facts that are 'merely hypothetical and conjectural' cannot support a finding of plausibility" under Rule 12. (*Id.* (quote omitted).) In response, on March 10, 2025, Lemberg sought leave to file a Second Amended Complaint to "contain additional facts plausibly showing the Supplements are mislabeled." (DE 13.) The Court granted Lemberg's request to file the SAC. (Order of May 13, 2025.) On June 5, 2025, Greene filed the SAC, signed by Mr. Lemberg, alleging the same basic facts and asserting the same causes of action as in the previous pleadings. (DE 15.) None of the complaint's iterations have claimed that Greene or Lemberg tested the product or articulated any theory other than the assumption that the stated carbohydrate weight of the gummy did not involve upward rounding as required by the applicable federal regulation.

Piping Rock's Product, the packaging for which is depicted in Paragraph 9 of the SAC, correctly states that the Product has "330mg magnesium per serving." The Supplement Facts panel for the Product, also depicted in Paragraph 9, states that the serving size is "1 Gummy for Children Ages 4 through 12, 4 Gummies for Ages 13 and Above." The quantity of magnesium reflected in the Supplement Facts is "Magnesium (as magnesium citrate)," 83 mg per gummy, 330 mg for a four-gummy serving. (*Id.*) The Product's label separately states that the "Total Carbohydrate" weight in a gummy is 2 grams (*id.*), but pursuant to 21 C.F.R. § 101.9(c)(6), the label must state this amount "expressed to the nearest gram."

In alleging that Piping Rock's statements about the Product's magnesium quantity is false, the SAC cites nothing other than two Wikipedia entries about magnesium citrate. Those Wikipedia entries, combined with faulty math derived from Lemberg's failure to account for Piping Rock's rounding of the carbohydrate weight "to the nearest gram," were and remain Lemberg's sole basis for filing this lawsuit. (*Id.* ¶ 16 nn.2-3.) "Wikipedia is a suspect authority, unreliable, and has been treated as such by numerous courts." *Specter v. Texas Turbine Conversions, Inc.*, 505 F.Supp.3d 936, 954 (D. Alaska 2020) (citing cases). Here, both Wikipedia entries begin with warnings. The first, https://en.wikipedia.org/wiki/Magnesium_citrate (last visited Mar. 19, 2026), has the following at the top:



This article **needs additional citations for verification**. Please help improve this article by adding citations to reliable sources. Unsourced material may be challenged and removed.

*Find sources:* "Magnesium citrate" – news · newspapers · books · scholar · JSTOR *(January 2011)* (*Learn how and when to remove this message*)

The second, https://en.wikipedia.org/wiki/Magnesium_citrate_(3:2) (last visited Mar. 19, 2026), has the following at the top of it:

> This article **relies largely or entirely on a single source**. Relevant discussion may be found on the talk page. Please help improve this article by introducing citations to additional sources.
>
> *Find sources:* "Magnesium citrate" 3:2 – news · newspapers · books · scholar · JSTOR *(May 2023)*

The first entry states that "[o]ne form" of magnesium citrate is a "magnesium preparation in salt form with citric acid in a 1:1 ratio" that "contains 11.33% magnesium by weight."

> **Magnesium citrates** are metal-organic compounds formed from citrate and magnesium ions. They are salts. One form is the 1:1 magnesium preparation in salt form with citric acid in a 1:1 ratio (1 magnesium atom per citrate molecule). It contains 11.33% magnesium by weight. Magnesium citrate (*sensu lato*) is used medicinally as a saline laxative and to empty the bowel before major surgery or a colonoscopy. It is available without a prescription, both as a generic and under various brand names. It is also used in the pill form as a magnesium dietary supplement. As a food additive, magnesium citrate is used to regulate acidity and is known as E number E345.

https://en.wikipedia.org/wiki/Magnesium_citrate (last visited Mar. 19, 2026).

The second entry discusses "trimagnesium citrate," which it says "contains 16.2% elemental magnesium by weight."

> **Magnesium citrate (3:2)** (3 magnesium atoms per 2 citrate molecules), also called **trimagnesium dicitrate**, **trimagnesium citrate**, or the ambiguous name **magnesium citrate**. The substance may come as anhydrous or hydrated salt with varying properties.
>
> The anhydrous salt has good solubility in water (~10% or more at 25 °C) and contains 16.2% elemental magnesium by weight. Its taste is slightly bitter-alkaline.

https://en.wikipedia.org/wiki/Magnesium_citrate_(3:2) (last visited Mar. 19, 2026).

From those two Wikipedia pages, Lemberg made the following inferential leaps. Noting that, per the Product's Supplement Facts panel, the "Total Carbohydrate" contents of a gummy weighs two grams (SAC ¶¶ 9, 15), Lemberg assumes that this "leav[es] at most 1,622 [milligrams in a four-gummy serving] to contain the disclosed magnesium." (*Id.* ¶ 15.) Lemberg then multiplies 1,622 grams by the two "magnesium by weight" percentage assertions in the Wikipedia entries, 11.3% and 16.2%, and assumes that the Product therefore could not include more than 183.77 milligrams of magnesium—"1,622 mg x 0.162 = 262.76" (*id.* ¶ 17)—meaning "Defendant's representations that a 4-gummie single serving of the Magnesium Supplements contains 330 mg of elemental magnesium from magnesium citrate is false." (*Id.* ¶ 19; *see also id.* ¶ 16 ("It is not possible for magnesium citrate to contain enough magnesium sufficient to render the representations on the Supplement true.").) The SAC speculates that the Product's magnesium therefore must not be "derived solely from magnesium citrate and instead must come from an alternative, undisclosed source of magnesium," such as magnesium oxide. (*Id.* ¶¶ 20-21.)

This is where Lemberg's failure to account for the federal rounding regulation doomed him. If the actual carbohydrate weight of a gummy is closer to 1.5 grams, which Piping Rock had to round up to two grams on the label, Lemberg's back-of-the-envelope math fails. Using the same 2,405 milligram weight for a gummy pleaded in the SAC (*see id.* ¶ 15), but accounting for the non-rounded carbohydrate weight in that gummy, which is only 1,543 milligrams—not 2 full grams—the gummy's non-carbohydrate weight is 862 grams, which the SAC acknowledges is more than enough to contain the promised quantity of magnesium derived from magnesium citrate. (*See* SAC ¶ 15; Declaration of Reena Kiriyanthan ["Kiriyanthan Decl."] ¶ 3.)

On January 12, 2026, Piping Rock filed a second letter motion for a pre-motion conference to discuss Piping Rock's forthcoming motion to dismiss the SAC incorporating Piping Rock's statements from its previous pre-motion letter. (DE 20.) On February 6, 2026, the Court directed the parties to submit a proposed briefing schedule (*see* DE 33), pursuant to which Piping Rock's moving papers are due March 27, 2026; Greene's opposition papers are due April 17, 2026; and Piping Rock's reply papers are due May 8, 2026. (*See* DE 33 and Order of February 16, 2026.)

In the hope that Lemberg might see reason and terminate this case before wasting more of Piping Rock's or the Court's resources, Piping Rock engaged a leading laboratory, Eurofins, to test the Product and confirm its quantity of magnesium. Unsurprisingly, Eurofins' results confirmed what Piping Rock already knew from its own internal testing: the label is accurate, and the Product contains the promised quantity of magnesium. (*See* Kiriyanthan Decl. ¶¶ 4-7 & Ex. A (describing Piping Rock's engagement of Eurofins and its receipt of the lab's test results); Declaration of Jeffrey S. Jacobson ["Jacobson Decl."] ¶ 2 & Ex. A (discussing Piping Rock's provision of Eurofins' test results to Lemberg).) Lemberg declined to terminate the lawsuit, stating that those Eurofins results did not suffice to confirm that the source of the magnesium was

magnesium citrate. Piping Rock therefore reengaged with Eurofins, which was able to retest the product and confirm that the source of magnesium was magnesium citrate. (Kiriyanthan Decl. ¶¶ 8-9, Ex. B.) On March 12, 2026, Piping Rock produced those supplemental results to Lemberg. (Jacobson Decl. ¶ 3, Ex. B (describing production of results to Lemberg).) Lemberg, however, still refused to dismiss the case.

After Magistrate Judge Dunst denied Piping Rock's request for leave to file a motion to stay discovery (Order of Mar. 5, 2026), Piping Rock asked Lemberg to confirm that if it produced the formula for the Product and marked it "Confidential," Lemberg would honor the confidentiality designation despite Judge Dunst's not having yet entered the parties' agreed Protective Order. (Jacobson Decl. ¶ 4.) Once Lemberg provided that confirmation, Piping Rock produced the formula to him on March 13, 2026. (*See id.* ¶¶ 4-5; Kiriyanthan Decl. ¶ 3.) The formula stated both the Product's actual carbohydrate weight and the weight of magnesium citrate. Yet, Lemberg *still* refused to dismiss the case. After Lemberg questioned the date of the formula provided, on March 16, 2026, Piping Rock produced to Lemberg the formula that included the Product's formula revision history, demonstrating that the quantity of magnesium citrate has remained unchanged since the launch of the Product. (Jacobson Decl. ¶ 6; Kiriyanthan Decl. ¶ 3.)

Piping Rock served a version of this motion on Lemberg on March 19, 2026, as required by Rule 11(c)(2). (Jacobson Decl. ¶ 7.) To date, Mr. Lemberg has not withdrawn the SAC or discontinued this lawsuit.

## LEGAL STANDARD

"District courts have inherent, statutory, and rule-based powers to sanction lawyers for conduct that impedes the efficient administration of justice" and "to protect the public, adversaries, and judicial resources" from abuse of the judicial system. *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 280 (2d Cir. 2021).

## I. Sanctions Under Fed. R. Civ. P. 11.

Attorneys have "an obligation to file only papers that have a basis in fact." *Goldman v. Barrett*, 825 F.App'x 35, 37 (2d Cir. 2020). And "every attorney owes a duty to conduct a pre-litigation inquiry into the viability of a pleading that is objectively reasonable under the circumstances." *Id.* Under Federal Rule of Civil Procedure 11, an attorney presenting pleadings or papers to the Court certifies that after an "inquiry reasonable under the circumstances," the factual contentions of those papers have evidentiary support or will likely have evidentiary support. Fed. R. Civ. P. 11(b) & (b)(3). The attorney also certifies that the claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law." Fed. R. Civ. P. 11(b)(2).

"A pleading . . . violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact," existing law, or warrants extending or modifying existing law. *McCabe v. Lifetime Entm't Servs., LLC*, 761 F.App'x 38, 41 (2d Cir. 2019), *quoting Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002); *Goldman*, 825 F.App'x at 37. Once a court finds that Rule 11 has been violated, "the court may impose an appropriate sanction on an attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Among other things, "[t]he sanction may include nonmonetary directives . . . or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

"The mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness, *i.e.*, liability may be imposed if the lawyer's claim to have evidentiary support is not objectively reasonable." *Malkan v. Mutua*, 699 F.App'x 81, 83 (2d Cir. 2017)

(quotation omitted). As relevant here, when determining whether an attorney has violated Rule 11, a "court must consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399 (1990). "Legal issues are raised in considering whether a pleading is 'warranted by existing law or a good faith argument' for changing the law . . . ." *Id.*, *quoting* Fed. R. Civ. P. 11.

## II. Sanctions Under 28 U.S.C. § 1927.

In addition to Rule 11, this Court has statutory authority to issue sanctions for Lemberg's conduct. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be sanctioned by the Court "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The imposition of sanctions pursuant to [Section] 1927 . . . requires a finding of bad faith." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 143 (2d Cir. 2023). An award of sanctions is proper under Section 1927 "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as a delay." *Herzlinger v. Nichter*, 2011 WL 4585251, at *4 (S.D.N.Y. Sept. 8, 2011), *quoting Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).[1]

A court should find bad faith where there is "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith[;] that is, motivated by improper purposes such as harassment or delay." *See Herzlinger*, 2011 WL 4585251, at *4 (cleaned up). As to the first element, a claim is only colorable "when, viewed in light of the

[1] In addition, the Court has inherent power to sanction bad faith conduct and to manage its affairs in the interest of "orderly and expeditious disposition of cases." *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107-08 (2017); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141-42 (2d Cir. 2023).

reasonable beliefs of the party making the claim, it has some amount of factual and legal support." *Id.* And, as to the second element, "a court must: (i) find that the challenged actions were taken for improper purposes, such as harassment or delay; and (ii) provide a high degree of specificity in the factual findings." *Id.* In short, the "appropriate focus . . . is the conduct of the party in instigating or maintaining the litigation, for an assessment of whether," for example, the party exhibits a "pursuit of frivolous contentions." *See Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 345 (2d Cir. 1986).

## ARGUMENT

Greene and Lemberg never had a valid basis to believe that the SAC is grounded in fact, existing law, or a reasonable extension or modification of existing law. Either the Product contains the promised 330 milligrams of magnesium from magnesium citrate, as promised on the Product's label, or it does not. The truth or falsity of the claim could have been proved pre-filing by a testing lab, and any reasonable attorney would have secured test results before filing a national consumer class action lawsuit in federal court. Any reasonable attorney also would have known that precedent in this Circuit requires much more than Wikipedia before alleging that a product contains (or does not contain) an ingredient contrary to what is advertised.

The SAC, however, relies entirely on two Wikipedia articles—both of which warn that the information is not to be relied upon—and faulty math derived from an assumption that the two-gram carbohydrate weight stated on the Product's label was not rounded to the nearest gram in the manner required by federal law. Only by piling incorrect assumptions on top of an inherently unreliable source did Lemberg arrive at the false conclusion that "[i]t is not possible for magnesium citrate to contain enough magnesium sufficient to render the representations on the [Product's label] true." (SAC ¶ 16 & nn.2-3.) In fact, even assuming the truth of the Wikipedia page's

statement that magnesium citrate contains 16.2% magnesium by weight, the gummies contain more than enough magnesium citrate to deliver 330 milligrams of magnesium.

The Product is sold nationwide. (Kiriyanthan Decl. ¶ 2.) At any time before commencing this action, Greene or Lemberg could have engaged a reputable laboratory to test the Product and determine, as a matter of fact, whether it contains 330 milligrams of magnesium per serving. Greee and Lemberg either chose not to test the Product or chose not to plead the results. Not only did Piping Rock tell Lemberg from the beginning that testing would disprove his case, but Piping Rock also had the Product tested by a reputable third-party laboratory, Eurofins. (*Id.* ¶¶4-9, Exs. A and B.) And Piping Rock shared those results with Lemberg. (Jacobson Decl. ¶¶ 2-3, Exs. A and B.) Piping Rock also produced the formula for the Product. (Jacobson Decl. ¶¶ 4-6; *see* Kiriyanthan Decl. ¶ 3.) That should have ended the matter.

It would be no answer for Lemberg to point to *Cohen v. Nutricost*, 747 F.Supp.3d 467 (E.D.N.Y. 2024), and argue that the case—prosecuted by Lemberg—supports Greene's ability to allege her claims against Piping Rock without having obtained a report from a reputable laboratory. The product at issue in *Cohen* was a nutritional supplement in capsule form, meaning the product's volume was fixed and limited by the size of the capsule, and that had a single ingredient: magnesium glycinate. *Id.* at 471. The product's packaging promised 420 milligrams per serving of magnesium derived from magnesium glycinate. *Id.* Lemberg, once again relying on a Wikipedia entry, argued in that plaintiff's complaint that "magnesium glycinate contains only 14.1% magnesium by mass." *See Cohen v. Nutricost*, No. 2:23-cv-6387 (E.D.N.Y.), DE 1 (Complaint), ¶ 21 & n.3, *citing* https://en.wikipedia.org/wiki/Magnesium_glycinate. Lemberg alleged that because the supplement capsules hold approximately 735 mg of powder, the two-capsule dose of 1470 mg could not possibly contain 420 mg of magnesium, in that 420 mg of magnesium would

require at least 3000 mg of magnesium glycinate, not the 1470 mg the product delivered. *See id.* at ¶¶ 20-23; *Cohen*, 747 F.Supp.3d at 471-72.

The defendant in *Cohen*, unlike Piping Rock, did not argue that the *Cohen* plaintiff needed to support her claim with laboratory testing. Indeed, the defendant did not even dispute the facts about the product as the plaintiff alleged them. *See generally Cohen*, DE 22-1 (Def.'s Motion to Dismiss, dated Feb. 1, 2024). Here, by contrast, Lemberg has been on notice since Piping Rock's first pre-motion letter (DE 10), that (1) Piping Rock vigorously disputes the allegation that the Product contains less than the promised amount of magnesium from magnesium citrate; and (2) Piping Rock intended to argue, based on a raft of precedent from Second Circuit courts unaddressed in *Cohen*, that the claim is not plausible without reputable laboratory testing.

Accordingly, Greene's and Lemberg's conduct in initiating this lawsuit without first performing a reasonable inquiry under the circumstances, both as to the facts underlying the pleading and the applicable law, violates Rule 11. Because Lemberg continued to pursue this lawsuit even after being confronted with dispositive evidence demonstrating that the SAC has no plausible factual basis, he has also violated 28 U.S.C. § 1927.

## I. The Factual Contentions in the SAC Have No Evidentiary Support and Will Not Have Evidentiary Support.

Each of Greene's causes of action depends entirely on whether the Product does or does not have at least 330 milligrams of magnesium from magnesium citrate per four-gummy serving, as the label promises; that is, whether or not the label's statement is true.[2] Accordingly, a

[2] *See generally Simon v. Philip Morris Inc.*, 124 F.Supp.2d 46, 71 (E.D.N.Y. 2000), *citing Restatement (Second) of Torts*, §§ 550, 551 (an element of fraudulent concealment is that "the defendant suppressed material facts"); *Mitchell v. Backus Cadillac-Pontiac, Inc.*, 618 S.E.2d 87, 95 (Ga. Ct. App. 2005) (a claim for breach of express warranty requires a showing that the defendant breached a warranty); *Henderson v. Gandy*, 623 S.E.2d 465, 467 (Ga. 2005) (a claim under Section 10-1-393 requires proof "of deceptive conduct"); *Wilson v. J&L Melton, Inc.*, 606

reasonable pre-litigation inquiry should have involved investigating the truth of that allegation prior to filing a lawsuit. *See generally* Fed. R. Civ. P. 11(b)(3). Precedent is clear on this point: to raise a claim of consumer fraud (as in the SAC) to the level of plausibility, the plaintiff must set forth a factual basis for her belief that the product is mislabeled in the form of reliable testing or expert analysis. Here, Lemberg did not plead any factual basis on which to support its client's conclusory allegations.[3] That lack of evidentiary support not only supports dismissal of Greene's claims, but is also sanctionable because it was unreasonable to file this lawsuit without first having confirmed that there is a factual basis upon which to sue. *See* Fed. R. Civ. P. 11(b)(3).

The Supreme Court has explained that the determination "whether an attorney's prefiling inquiry was reasonable" includes consideration of "all the circumstances of a case." *Cooter & Gell*, 496 U.S. at 401. For example, "[a]n inquiry that is unreasonable when an attorney has months to prepare a complaint may be reasonable when he has only a few days before the statute of limitations runs." *Id.* Here, Lemberg initiated the lawsuit in December 2024 (DE 1), and has since filed two amended complaints (DE 6, 15)—the SAC being filed after Piping Rock's pre-motion letter that explained how the lack of test results is fatal to Greene's claims (DE 10 at 2). Lemberg, fully aware of Piping Rock's argument, therefore had ample time prior to filing the SAC to adequately investigate whether Plaintiff's allegations have any basis in fact. Lemberg did not do so, and this violated Rule 11.

---

S.E.2d 47, 49 n.1 (Ga. Ct. App. 2004) (an element of a claim for breach of the implied warranty of merchantability is "that the goods were defective").

[3] Plaintiff's claims sounding in fraud are also governed by Rule 9(b)'s heightened pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *DM Manager LLC v. Fidelity Nat'l Info. Servs., Inc.*, 2025 WL 863338, at *3 (2d Cir. Mar. 19, 2025); *Stern v. Electrolux Home Prods., Inc.*, 2024 WL 416495, at *4 (E.D.N.Y. Jan. 30, 2024), *R. & R. adopted at* 2024 WL 4297656 (E.D.N.Y. Sept. 26, 2024) (Azrack, J.).

To illustrate, in *In re Austl. & N.Z. Banking Grp. Ltd. Secs. Litig.*, a securities lawsuit, the plaintiff alleged that the defendants made a series of false statements concerning the financial health of the defendant company. 712 F.Supp.2d 255, 259 (S.D.N.Y. 2010). The only allegation in the complaint that concerned the defendant company's knowledge of the financial difficulties cited "a series of internal emails" in which the defendant company recognized certain financial distress. *Id.* at 259. That paragraph was the sole "basis for alleging" scienter on the part of the defendant company, *id.*, and the statement was "a material allegation central to the viability of the entire pleading," *id.* at 264. The court imposed Rule 11 sanctions because the plaintiff could "identify no evidence whatsoever for the allegation" and later "effectively concede[d] that the . . . emails simply did not exist." *Id.* Counsel's failure to inquire into the factual basis of that allegation did not meet the standards of Rule 11. *See id.* at 263-64.[4]

In *Goldman*, the plaintiffs sued the defendant over allegedly defamatory statements made to a website, which the plaintiffs claimed caused them to lose business opportunities. 825 F.App'x at 36. After the plaintiffs filed an amended complaint, the defendant told the plaintiffs that their allegations were false and presented telephone records indicating he had not made or received calls with those third parties. *Id.* Still, the plaintiffs refused to withdraw their allegations. *Id.* The Second Circuit affirmed the District Court's imposition of sanctions because the attorney "lacked good reason to believe [the allegations] were true when he filed the complaint"; and he "could not have

---

[4] Although the cited case arose in the context of securities litigation and the mandate in the Private Securities Litigation Reform Act of 1995 requiring courts to make a specific finding of compliance with Rule 11 following any securities fraud lawsuit, the court explained that the PSLRA does not "purport to alter the substantive standards" governing Rule 11, but only "reduce[s] courts' discretion in choosing whether to conduct the Rule 11 inquiry at all." *In re Austl. & N.Z. Banking Grp. Ltd. Secs. Litig.*, 712 F.Supp.2d 255, 258, 263 (S.D.N.Y. 2010).

reasonably thought it 'likely' under Rule 11 that factual support would be forthcoming with discovery." *Id.* at 39, *citing* Fed. R. Civ. P. 11(b)(3).

Lemberg, in its pre-motion letter to the Court dated July 2, 2025, cited two California cases as supporting Lemberg's view that Greene need not allege possession of laboratory test results. (DE 17 at 2.) Neither case remotely supports this position. In *Lozano v. Bowmar Nutrition LLC*, the plaintiff "append[ed] to [her complaint] laboratory reports which purportedly support her allegations that six of Defendant's products lack the protein content presented on the products' labels." 2021 WL 4459660, at *5 (C.D. Cal. Aug. 19, 2021). The defendant argued that the plaintiff failed to plead that the tests were "conducted in compliance with FDA-mandated methodology," but the court disagreed that "federal pleading standards" require this. *Id.* at *5-6. The court did not say the plaintiff's allegations would have been plausible without the test results she appended to her complaint. (*Contra* DE 17 at 2.) In *Amavizca v. Nutra Mfg., LLC*, "Plaintiff's counsel sent some of the contents of the bottle [of a supplement] that Plaintiff had purchased in May 2019 to a laboratory for analysis," and then had the laboratory test other samples of the product, as well. 2020 WL 8837145, at *1-2 (C.D. Cal. Oct. 20, 2020). That defendant, too, argued that the plaintiff's complaint did not allege the lab complied with particular testing methodologies, but the court disagreed. *See id.* at *5. Both cases, therefore, support Piping Rock's position that a plaintiff's claims of this sort are not plausible without laboratory testing.

The same result should follow here. Not only did Lemberg fail to engage a reputable laboratory to confirm Greene's core, substantive allegation as part of a reasonable pre-litigation inquiry, as in *In re Austl. & N.Z.*, but he also was presented with dispositive proof that the allegations would never have any factual support, as in *Goldman*, and still refused to discontinue the lawsuit. (*See* Jacobson Decl. ¶¶ 2-6.) Sanctions are therefore warranted under Rule 11.

## II. The Legal Contentions in the SAC Are Not Warranted by Existing Law or by Nonfrivolous Arguments for Extending, Modifying, or Reversing Existing Law.

Lemberg was required to know the state of the law when initiating this case. Requiring a plaintiff who claims inaccuracies in an ingredient list to allege laboratory analysis is the norm in this Circuit (as elsewhere, evidenced even by the cases Lemberg cited in his pre-motion letter). Numerous courts have dismissed cases because the plaintiffs' failure to plead reliable testing rendered their claims implausible. In *Rivera v. S.C. Johnson & Son, Inc.*, a case decided in the Southern District of New York, the plaintiffs alleged that the labeling of Windex as "non-toxic" was misleading "because those products contain ingredients that may be harmful to humans, pets, or the environment." 2021 WL 4392300, at *1 (S.D.N.Y. Sept. 4, 2021). The court found, however, that the plaintiffs did not adequately allege "that the product is actually toxic, even according to their own definition." *Id.* at *4. That is, "whether [p]laintiffs have plausibly alleged that the Products are actually, in their current form, capable of causing harm." *Id.* at *5. The plaintiffs conceded that they did not know the actual concentrations in the products, but instead alleged toxicity on information and belief without explaining how they arrived at such information and belief. *Id.* The court rejected the argument that such information and belief met the plausibility standard, in part "because information about the composition of the Products . . . is not peculiarly within the possession and control of the Company." *Id.* (quotes omitted). The Windex products were "widely available" at national retail chains, and "the fact that the Products can be purchased at stores as ubiquitous as Target and tested suggests that basic facts about their chemical composition is not something exclusively in control of Defendant." *Id.* at *6. Barring actual testing, the plaintiffs alternatively "could have consulted with experts in the field" to gather "even minimal support for their bald assertion" regarding the product's potential harm. *Id.*

The court in *Wiggins v. Unilever U.S., Inc.*, also in the Southern District of New York, adopted the reasoning in *Rivera* and quoted that opinion at length. *See* 684 F.Supp.3d, 150-51 (S.D.N.Y. 2023). There, Unilever's soap products—"sold throughout the United States" as "hypoallergenic"—were alleged to have caused the plaintiffs' skin irritations. *Id.* at 134-35. The plaintiffs claimed that a product could not accurately be labeled "hypoallergenic" if it contained "skin allergens in an amount that is known to cause an allergic reaction in a significant number of people." *Id.* at 135. Those allegations were conclusory. *Id.* at 150. Like the *Rivera* court, the *Wiggins* court rejected the plaintiffs' argument "that they need not marshal their evidence in a complaint," because the complaint did not explain "how [p]laintiffs came to such information and belief or what facts, if any, support their conclusions." *Id.* (cleaned up). Among other infirmities, the plaintiffs did not "offer[] test results or expert reports demonstrating that the concentration of the allegedly harmful ingredients" in "products that are widely available and were sold to hundreds of thousands of consumers throughout the United States" could "cause such harm." *Id.* at 151. Accordingly, they could not show that the product label was misleading. *Id.*[5] As in those cases, Plaintiff in this action has provided no testing for a product that is widely available in stores and online. (*See* Kiriyanthan Decl. ¶ 2.) The combination of two Wikipedia entries and faulty math based on an unreasonable reading of the carbohydrate weight on the Product's label hardly constitute consultation with an expert in any field.

---

[5] In a case decided more recently, *Dib v. Apple Inc.*, 2026 WL 483057 (N.D. Cal. Feb. 20, 2026), the court dismissed "greenwashing" claims based on nothing more than the plaintiffs' attorneys' own analysis. "Plaintiffs failed to allege that the methodology underlying their work is accepted in any scientific circles, or that anyone else—scientist or otherwise—has endorsed the accuracy of their work." *Id.* at *8. Plaintiff's allegations here have even less support than those the court found sorely lacking in *Dib*.

Other courts have dismissed cases that purported to be based on test results, but where the alleged results were unreliable on their face or did not suffice to render the claims plausible. For example, in *Gaminde v. Lang Pharma Nutrition, Inc.*, the plaintiff alleged that a product advertised as containing 300 mg of Omega-3 Krill Oil contained less than that amount. 2019 WL 1338724, at *1 (N.D.N.Y. Mar. 25, 2019). The plaintiff based his allegations on "independent research funded by the United States Department of Agriculture and published in the *Journal of the Science of Food and Agriculture*." *Id.* (cleaned up). The plaintiff, however, "fail[ed] to allege that he tested the CVS Krill Oil that he purchased [or] had an independent laboratory test it." *Id.* The court dismissed the case on standing grounds, considering it to be "speculation to allege that because two CVS Krill Oil bottles in a USDA study were found to have less than the stated amount of Omega-3 Krill Oil, the bottle that [the plaintiff] purchased must as well." *Id.* at *2. The plaintiff's "failure to allege that he tested his bottle of CVS Krill Oil . . . is fatal." *Id.* at *3.

In *Dunning v. Supergoop, LLC*, the plaintiffs claimed that a sunscreen contained a lower SPF level than advertised on its label. 2025 WL 34822, at *1 (S.D.N.Y. Jan. 6, 2025). The plaintiffs claimed to have conducted an SPF test "in accordance with FDA regulations for determination of SPF Label Value" and that their testing showed the product had an SPF Label Value lower than advertised. *Id.* at *2. The court dismissed the case on standing grounds because the "sparse factual allegations" did not convince the court that the mislabeling allegations were "anything more than a sheer possibility." *Id.* at *6 (cleaned up). The court explained three issues with the "testing" plaintiffs performed: (1) there were "no allegations of the purchase dates of the samples that were tested" and the plaintiffs did not "allege whether the Tested Products were purchased before or after Plaintiffs made their purchases," so the court could not "evaluate temporal proximity" to the plaintiffs' purchases; (2) the plaintiffs did "not disclose the number of samples tested" in order to

demonstrate their testing adhered to FDA regulations; and (3) the plaintiffs did "not allege where the Tested Products were purchased," "that they were purchased in geographic proximity to where [p]laintiffs made their purchases," or that "the Products were produced in a consistent manner through a standardized manufacturing process." *Id.* at *5. "[W]hile [p]laintiffs claim to have used a standard testing methodology on some unspecified date on some unspecified number of products, that alone is insufficient to draw a meaningful link between the Products that were tested and those that [p]laintiffs purchased." *Id.* at *6.[6]

Given the state of the law on this issue, Lemberg cannot be heard to say that the SAC as pleaded is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." *See* Fed. R. Civ. P. 11(b)(2).

## III. Lemberg's Maintenance of this Lawsuit is Vexatious and in Bad Faith.

Lemberg's refusal to dismiss the suit even after Piping Rock provided both independent laboratory test results and the Product's formula throughout the class period constitutes vexatious conduct. These test results left Lemberg and his client without a colorable claim—certainly as long as Lemberg possesses no contrary test data. Continued pursuit of the case in these circumstances is unreasonable. *See generally Herzlinger*, 2011 WL 4585251, at *4; 28 U.S.C. § 1927.

In *Johnson v. Univ. of Rochester Med. Ctr.*, the plaintiff brought a *qui tam* action against the defendant University alleging that the University "fraudulently billed Medicare/Medicaid for medical procedures performed by unsupervised residents." 642 F.3d 121, 123 (2d Cir. 2011). The

---

6 *See also, e.g.*, *Fahey v. Deoleo USA, Inc.*, 2018 WL 5840664, at *2-3 (D.D.C. Nov. 8, 2018). There, a plaintiff brought suit against an olive oil manufacturer based upon a university study finding that the olive oil products were not of sufficient quality to be marketed as "extra virgin," but the plaintiff did not have a laboratory test the bottle of olive oil he purchased. The plaintiff offered "no explanation for why the testing done on three bottles . . . eight years ago should tell us anything about the quality" of the product being sold at the time of the suit. *Id.* at *2. Accordingly, the court dismissed the case for failure to state a claim. *Id.* at *3.

University moved for sanctions under Rule 11 and Section 1927, arguing that the plaintiff's "attorney relentlessly pursued claims without a basis in law or fact and knowingly included a false statement in the proposed amended complaint." *Id.* at 124. The Second Circuit affirmed the District Court's imposition of sanctions under Section 1927 because the attorney was found to have "pursued claims she knew had no basis in law or fact." *Id.* at 126.

The same result should follow here. After being confronted with dispositive proof that the SAC's central allegation is without any basis in fact, and is indeed disproven, Lemberg has refused to discontinue the lawsuit and is instead relentlessly pursuing it. Such conduct is sanctionable under Section 1927.

## CONCLUSION

For the foregoing reasons, the Court should impose sanctions against Lemberg and/or Greene. Sanctions should include payment of Piping Rock's reasonable attorneys' fees and an appropriate fine payable to the Court. The Court also should award such other relief as it finds just and proper.

Respectfully submitted,

Dated: New York, New York
April 15, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: ______________________
Jeffrey S. Jacobson

1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
(212) 248-3140
Jeffrey.Jacobson@faegredrinker.com

*Attorneys for Defendant*
*Piping Rock Health Products, Inc.*

**WORD COUNT CERTIFICATION**

I, **W. JOSHUA LATTIMORE**, of full age and an associate at the law firm Faegre Drinker Biddle & Reath LLP, attorneys for Defendant Piping Rock Health Products, Inc. in this action, hereby certify, pursuant to Local Civil Rule 7.1(c), that the foregoing Memorandum in Support of Motion for Sanctions, exclusive of the caption, table of contents, table of authorities, and signature block, contains 6,533 words as counted by Microsoft Word and is in compliance with the word-count limitations of Local Civil Rule 7.1(c); and I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: New York, New York
April 15, 2026

By: W. Joshua Lattimore
W. Joshua Lattimore

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ANDREA GREENE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PIPING ROCK HEALTH PRODUCTS, INC.,

Defendant.

Civil Action No: 2:24-CV-08383-JMA-LGD

**DECLARATION OF REENA KIRIYANTHAN**

---

I, **REENA KIRIYANTHAN**, of full age, hereby declare as follows:

1. I am the Vice President of Quality at Piping Rock Health Products, Inc. ("Piping Rock"), Defendant in the above-captioned action, a position I have held since August 2013. In my role as Vice President of Quality, I am personally familiar with Piping Rock's policies and procedures, including those regarding records kept in the ordinary course of Piping Rock's business, third-party testing of Piping Rock's products, and Piping Rock's product formulations. The below facts are based upon my personal knowledge and my review of records kept in the ordinary course of Piping Rock's business, and Piping Rock has authorized me to make this Declaration. I make this Declaration in support of Piping Rock's Motion for Sanctions, and in support of other motion practice Piping Rock may file.

2. Piping Rock markets and sells "Natural Vitality Calm Gummies Magnesium Supplement" in the raspberry-lemon flavor (the "Product"). The Product is available from retailers nationwide and online.

3. Piping Rock maintains a "Formula Specification" for the Product, which our counsel has produced to Plaintiff's counsel. The Formula Specification shows that the only source

of magnesium in the Product is from magnesium citrate. That has not changed since the Product's launch in 2019. That document also shows that the unrounded amount of carbohydrates (*i.e.*, "carbs") is just over 1.5 grams. This also has not changed since the Product's launch in 2019. The applicable federal regulation requires Piping Rock to round up the amount of carbohydrates and state it as two grams on the Supplement Facts for the Product. *See* 21 C.F.R. 101.9(c)(6)).

4. On January 27, 2026, Piping Rock engaged Eurofins, an independent provider of testing and laboratory services, to have Eurofins test the Product for the quantity of magnesium in each serving of the Product.

5. On February 12, 2026, Piping Rock received the Eurofins report.

   a. Attached hereto as **Exhibit A** is the Eurofins Test Report No. 202602014, dated February 11, 2026.

6. According to the Eurofins report, three samples from separate lot numbers were tested for magnesium between February 5 and February 11, 2026. (Ex. A at 1.)

7. According to the Attachment to the Eurofins report, the per-serving quantity of magnesium in the Product lots tested was 345 mg/Serving, 350 mg/Serving, and 351 mg/serving. (Ex. A, Attachment.)

8. In March 2026, Piping Rock again engaged Eurofins to have it test the magnesium content of the Product and whether the magnesium is derived from magnesium citrate, as the Product label promises.

   a. Attached hereto as **Exhibit B** is the Eurofins Report Numbers 5282220-0, 5282221-0, 5282222-0, and 5282223-0, each dated March 10, 2026.

9. According to the Eurofins reports, four samples from separate lot numbers were tested, and each report demonstrates that the sole source of magnesium in the Product is from magnesium citrate.

10. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: New York, New York
March 20, 2026

By:______________________________
Reena Kiriyanthan
Vice President of Quality
Piping Rock Health Products, Inc.

# EXHIBIT A

to the declaration of Reena Kiriyanthan

**Client**

Irene Fisher

Piping Rock Health Products

3900 Veterans Memorial Hwy, Suite 200, Bohemia, NY 11716

Phone: 15164913166

Email: hls9030@yahoo.com

| | | | |
|---|---|---|---|
| **Approval Date** | February 3, 2026 | **Delivery Conditions** | N/A |
| **Date of Receipt** | February 3, 2026 | **Testing Date Range** | 02-05-2026 to 02-11-2026 |
| **Test Request Form #** | 202602014 | | |

| Eurofins ID | Sample Name | Lot/Batch Number | Supplier/Manufacturer | Country of Origin |
|---|---|---|---|---|
| 202602014-1 | Calm Rasp Lemon Gummies | Lot: 000163185 Expiration: 06/2028 | N/A | N/A |
| 202602014-2 | Calm Rasp Lemon Gummies | Lot: 000163196 Expiration: 07/28 | N/A | N/A |
| 202602014-3 | Calm Rasp Lemon Gummies | Lot: 000163200 Expiration: 07/28 | N/A | N/A |

The following test item(s) was/were performed on submitted sample(s) and/or component(s) confirmed by applicant

| TEST REQUESTED | RESULT |
|---|---|
| Magnesium QD115 | See Attachment |

Analysis completed by Eurofins Subcontract Laboratory

**Signed for and on behalf of**
**Eurofins MTS Consumer Product Testing US, Inc.**

**Alexis Klock / Project Coordinator**

**02-11-2026**

This report relates to the above mentioned test item(s) and the extent to tests performed. This test report is not permitted to be reproduced except in full, without written permission of the test facility. This test report does not entitle any safety marks on this or similar products. The sample and the information regarding sample have been provided by the client. All information related to the sample are under liability of the client and have not been checked by Eurofins MTS Consumer Product Testing US, Inc.

# ATTACHMENT

Eurofins Nutrition Analysis Center

2200 Rittenhouse Street Suite 150
Des Moines, Iowa 50321
+1 515 265 1461
ENACservice@US4.Eurofins-Info.com

EUUSBO3 - Eurofins Product Testing

Support Report Attn: 60090
11822 North Creek Pkwy Suite 110
Bothell, WA 98011

# ANALYTICAL REPORT

AR-26-QD-046005-01

**Client Code:** QD0006705
**PO#:** 200013927

**Received On:** 05Feb2026
**Reported On:** 11Feb2026
**Order Code:** 006-10547-2342817

| | | | |
|---|---|---|---|
| **Eurofins Sample Code:** | 464-2026-02050610 | **Sample Registration Date:** | 05Feb2026 |
| **Client Sample Code:** | 202602014-1 | **Condition Upon Receipt:** | acceptable, non-perishable |
| **Sample Description:** | Calm Rasp Lemon GummiesNB#28650Lot: 000163185 Expiration: 06/2028 Serving size- 4 gummies | **Sample Reference:** | |

| **QD115 - Magnesium by ICP** | **Reference** | **Accreditation** | **Completed** |
|---|---|---|---|
| | AOAC 984.27 mod,927.02 mod,985.01 mod,965.17 mod | ISO/IEC 17025:2017 A2LA 2927.01 | 11Feb2026 |

| Parameter | Result | Per Serving | Theoretical |
|---|---|---|---|
| Magnesium | 3,550 mg/100 g | 345 mg/Serving | mg/Serving |

| **QD271 - Serving Size by Unit Weight** | **Reference** | **Completed** |
|---|---|---|
| | calculation | 05Feb2026 |

| Parameter | Result | Per Serving | Theoretical |
|---|---|---|---|
| Serving Size | 9.72 g | 9.72 g | 4 Gummy/Serving |
| Units per serving | 4 | 4 | 4 |
| Unit weight | 2.4292 g | 2.4292 g | |

Respectfully Submitted,

Loreen Jones
Senior Analytical Reporting Specialist

ACCREDITED

Results shown in this report relate solely to the item submitted for analysis. | Any opinions/interpretations expressed on this report are given independent of the laboratory's scope of accreditation. | All results are reported on an "As Received" basis unless otherwise stated. | Reports shall not be reproduced except in full without written permission of Eurofins Scientific, Inc. | All work done in accordance with Eurofins General Terms and Conditions of Sale : www.eurofinsus.com/terms_and_conditions.pdf | A number or a √ Indicates a subcontract test to a different lab. Lab(s) are listed at end of the report. For further details about the performing labs please contact your customer service contact at Eurofins. Measurement uncertainty can be obtained upon request.

eurofins

Nutrition Analysis Center

Eurofins Nutrition Analysis Center

2200 Rittenhouse Street Suite 150
Des Moines, Iowa 50321
+1 515 265 1461
ENACservice@US4.Eurofins-Info.com

EUUSBO3 - Eurofins Product Testing

Support Report Attn: 60090
11822 North Creek Pkwy Suite 110
Bothell, WA 98011

# ANALYTICAL REPORT

AR-26-QD-046006-01

**Client Code:** QD0006705
**PO#:** 200013927

**Received On:** 05Feb2026
**Reported On:** 11Feb2026
**Order Code:** 006-10547-2342817

| | | | |
|---|---|---|---|
| **Eurofins Sample Code:** | 464-2026-02050611 | **Sample Registration Date:** | 05Feb2026 |
| **Client Sample Code:** | 202602014-2 | **Condition Upon Receipt:** | acceptable, non-perishable |
| **Sample Description:** | Calm Rasp Lemon GummiesNB#28650Lot: 000163196 Expiration: 07/28 Serving size- 4 gummies | **Sample Reference:** | |

| **QD115 - Magnesium by ICP** | **Reference** | **Accreditation** | **Completed** |
|---|---|---|---|
| | AOAC 984.27 mod,927.02 mod,985.01 mod,965.17 mod | ISO/IEC 17025:2017 A2LA 2927.01 | 11Feb2026 |

| Parameter | Result | Per Serving | Theoretical |
|---|---|---|---|
| Magnesium | 3,340 mg/100 g | 350 mg/Serving | mg/Serving |

| **QD271 - Serving Size by Unit Weight** | **Reference** | **Completed** |
|---|---|---|
| | calculation | 05Feb2026 |

| Parameter | Result | Per Serving | Theoretical |
|---|---|---|---|
| Serving Size | 10.49 g | 10.49 g | 4 Gummy/Serving |
| Units per serving | 4 | 4 | 4 |
| Unit weight | 2.6213 g | 2.6213 g | g |

Respectfully Submitted,

Loreen Jones
Senior Analytical Reporting Specialist

A2LA ACCREDITED



2/11/26 12:31 pm

Results shown in this report relate solely to the item submitted for analysis. | Any opinions/interpretations expressed on this report are given independent of the laboratory's scope of accreditation. | All results are reported on an "As Received" basis unless otherwise stated. | Reports shall not be reproduced except in full without written permission of Eurofins Scientific, Inc. | All work done in accordance with Eurofins General Terms and Conditions of Sale: www.eurofinsus.com/terms_and_conditions.pdf | A number or a √ Indicates a subcontract test to a different lab. Lab(s) are listed at end of the report. For further details about the performing labs please contact your customer service contact at Eurofins. Measurement uncertainty can be obtained upon request.

Nutrition Analysis Center

Eurofins Nutrition Analysis Center

2200 Rittenhouse Street Suite 150
Des Moines, Iowa 50321
+1 515 265 1461
ENACservice@US4.Eurofins-Info.com

EUUSBO3 - Eurofins Product Testing

Support Report Attn: 60090
11822 North Creek Pkwy Suite 110
Bothell, WA 98011

# ANALYTICAL REPORT

AR-26-QD-046007-01

**Client Code:** QD0006705
**PO#:** 200013927

**Received On:** 05Feb2026
**Reported On:** 11Feb2026
**Order Code:** 006-10547-2342817

| | | | |
|---|---|---|---|
| **Eurofins Sample Code:** | 464-2026-02050612 | **Sample Registration Date:** | 05Feb2026 |
| **Client Sample Code:** | 202602014-3 | **Condition Upon Receipt:** | acceptable, non-perishable |
| **Sample Description:** | Calm Rasp Lemon GummiesNB#28650Lot: 000163200 Expiration: 07/28 Serving size- 4 gummies | **Sample Reference:** | |

| QD115 - Magnesium by ICP | Reference | Accreditation | Completed |
|---|---|---|---|
| | AOAC 984.27 mod,927.02 mod,985.01 mod,965.17 mod | ISO/IEC 17025:2017 A2LA 2927.01 | 11Feb2026 |

| Parameter | Result | Per Serving | Theoretical |
|---|---|---|---|
| Magnesium | 3,330 mg/100 g | 351 mg/Serving | mg/Serving |

| QD271 - Serving Size by Unit Weight | Reference | Completed |
|---|---|---|
| | calculation | 05Feb2026 |

| Parameter | Result | Per Serving | Theoretical |
|---|---|---|---|
| Serving Size | 10.53 g | 10.53 g | 4 Gummy/Serving |
| Units per serving | 4 | 4 | 4 |
| Unit weight | 2.6315 g | 2.6315 g | |

Respectfully Submitted,

Loreen Jones
Senior Analytical Reporting Specialist

ACCREDITED

Results shown in this report relate solely to the item submitted for analysis. | Any opinions/interpretations expressed on this report are given independent of the laboratory's scope of accreditation. | All results are reported on an “As Received” basis unless otherwise stated. | Reports shall not be reproduced except in full without written permission of Eurofins Scientific, Inc. | All work done in accordance with Eurofins General Terms and Conditions of Sale: www.eurofinsus.com/terms_and_conditions.pdf | A number or a √ Indicates a subcontract test to a different lab. Lab(s) are listed at end of the report. For further details about the performing labs please contact your customer service contact at Eurofins. Measurement uncertainty can be obtained upon request.

# EXHIBIT B

to the declaration of Reena Kiriyanthan

eurofins Food Integrity & Innovation

**Report Number:** 5282220-0
**Report Date:** 10-Mar-2026
**Report Status:** Final

# Certificate of Analysis

## Piping Rock Health Products

2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| **Sample Name:** | **RAWP-6629 Lot P440046** | **Eurofins Sample:** | **16302516** |
|---|---|---|---|
| **Project ID** | PIPING_ROC-20260305-0189 | **Receipt Date** | 06-Mar-2026 |
| **PO Number** | NA | **Receipt Condition** | Ambient temperature |
| **Lot Number** | RAWP-6629 Lot P440046 | **Login Date** | 05-Mar-2026 |
| **Description** | Magnesium citrate | **Date Started** | 06-Mar-2026 |
| | | **Sampled** | Sample results apply as received |
| | | **Online Order** | 901-2026-E021449 |

| Analysis | Result |
|---|---|
| **Loss on Drying** | |
| Method Name | Magnesium CItrate |
| Loss On Drying | 25.6 % |
| **Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Assay (Dried Basis) | 15.6 % |
| **Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Identification B - Citrate (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Calcium, Dried Basis | <0.1 % |

## Method References — Testing Location

**Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF) (M_TITRTN_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF) ( M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification B - Citrate (Magnesium Citrate-USP_NF) (M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

**Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF) (M_FLM_AA_S )** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online ( Modified)

# Certificate of Analysis

Piping Rock Health Products
2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| Method References | Testing Location |
|---|---|
| **Loss on Drying (LOD_S)** | **Food Integrity Innovation-Madison**<br>6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

| Testing Location(s) | Authorized on Behalf of Eurofins by |
|---|---|
| **Food Integrity Innovation-Madison** | **Edward Ladwig - President Eurofins Food Chemistry Testing Madison** |

Eurofins Food Chemistry Testing Madison, Inc.
6304 Ronald Reagan Ave
Madison WI 53704
800-675-8375

**These results apply only to the items tested. This certificate of analysis shall not be reproduced, except in its entirety, without the written approval of Eurofins. Measurement uncertainty for individual analyses can be obtained upon request.**

eurofins | Food Integrity & Innovation

| | |
|---|---|
| **Report Number:** | **5282221-0** |
| **Report Date:** | **10-Mar-2026** |
| **Report Status:** | **Final** |

# Certificate of Analysis


Piping Rock Health Products
2120 Smithtown Ave
Ronkonkoma NY 11779 United States


| **Sample Name:** | **RAWP-6629 Lot P440365** | **Eurofins Sample:** | **16302518** |
|---|---|---|---|
| **Project ID** | PIPING_ROC-20260305-0189 | **Receipt Date** | 06-Mar-2026 |
| **PO Number** | NA | **Receipt Condition** | Ambient temperature |
| **Lot Number** | RAWP-6629 Lot P440365 | **Login Date** | 05-Mar-2026 |
| **Description** | Magnesium citrate | **Date Started** | 06-Mar-2026 |
| | | **Sampled** | Sample results apply as received |
| | | **Online Order** | 901-2026-E021449 |

| **Analysis** | **Result** |
|---|---|
| **Loss on Drying** | |
| Method Name | Magnesium CItrate |
| Loss On Drying | 25.6 % |
| **Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Assay (Dried Basis) | 15.4 % |
| **Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Identification B - Citrate (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Calcium, Dried Basis | <0.1 % |

## Method References — Testing Location

**Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF) (M_TITRTN_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF) ( M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification B - Citrate (Magnesium Citrate-USP_NF) (M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

**Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF) (M_FLM_AA_S )** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

# Certificate of Analysis

Piping Rock Health Products
2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| Method References | Testing Location |
|---|---|
| **Loss on Drying (LOD_S)** | **Food Integrity Innovation-Madison**<br>6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

| Testing Location(s) | Authorized on Behalf of Eurofins by |
|---|---|
| **Food Integrity Innovation-Madison** | **Edward Ladwig - President Eurofins Food Chemistry Testing Madison** |

Eurofins Food Chemistry Testing Madison, Inc.
6304 Ronald Reagan Ave
Madison WI 53704
800-675-8375

**These results apply only to the items tested. This certificate of analysis shall not be reproduced, except in its entirety, without the written approval of Eurofins. Measurement uncertainty for individual analyses can be obtained upon request.**

eurofins Food Integrity & Innovation

**Report Number:** 5282222-0
**Report Date:** 10-Mar-2026
**Report Status:** Final

# Certificate of Analysis

## Piping Rock Health Products

2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| | | | |
|---|---|---|---|
| **Sample Name:** | **RAWP-6629 Lot P444884** | **Eurofins Sample:** | **16302521** |
| **Project ID** | PIPING_ROC-20260305-0189 | **Receipt Date** | 06-Mar-2026 |
| **PO Number** | NA | **Receipt Condition** | Ambient temperature |
| **Lot Number** | RAWP-6629 Lot P444884 | **Login Date** | 05-Mar-2026 |
| **Description** | Magnesium citrate | **Date Started** | 06-Mar-2026 |
| | | **Sampled** | Sample results apply as received |
| | | **Online Order** | 901-2026-E021449 |

| Analysis | Result |
|---|---|
| **Loss on Drying** | |
| Method Name | Magnesium CItrate |
| Loss On Drying | 25.4 % |
| **Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Assay (Dried Basis) | 15.7 % |
| **Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Identification B - Citrate (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Calcium, Dried Basis | <0.1 % |

| Method References | Testing Location |
|---|---|

**Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF) (M_TITRTN_S)** — **Food Integrity Innovation-Madison**, 6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF) ( M_CHM_ID_S)** — **Food Integrity Innovation-Madison**, 6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification B - Citrate (Magnesium Citrate-USP_NF) (M_CHM_ID_S)** — **Food Integrity Innovation-Madison**, 6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

**Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF) (M_FLM_AA_S )** — **Food Integrity Innovation-Madison**, 6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

# Certificate of Analysis

## Piping Rock Health Products

2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| **Method References** | **Testing Location** |
|---|---|
| **Loss on Drying (LOD_S)** | **Food Integrity Innovation-Madison**<br>6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

| **Testing Location(s)** | **Authorized on Behalf of Eurofins by** |
|---|---|
| **Food Integrity Innovation-Madison** | **Edward Ladwig - President Eurofins Food Chemistry Testing Madison** |

Eurofins Food Chemistry Testing Madison, Inc.
6304 Ronald Reagan Ave
Madison WI 53704
800-675-8375

**These results apply only to the items tested. This certificate of analysis shall not be reproduced, except in its entirety, without the written approval of Eurofins. Measurement uncertainty for individual analyses can be obtained upon request.**

# Certificate of Analysis

## Piping Rock Health Products

2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| | | | |
|---|---|---|---|
| **Sample Name:** | **RAWP-6629 Lot P444885** | **Eurofins Sample:** | **16302522** |
| **Project ID** | PIPING_ROC-20260305-0189 | **Receipt Date** | 06-Mar-2026 |
| **PO Number** | NA | **Receipt Condition** | Ambient temperature |
| **Lot Number** | RAWP-6629 Lot P444885 | **Login Date** | 05-Mar-2026 |
| **Description** | Magnesium citrate | **Date Started** | 06-Mar-2026 |
| | | **Sampled** | Sample results apply as received |
| | | **Online Order** | 901-2026-E021449 |

| Analysis | Result |
|---|---|
| **Loss on Drying** | |
| Method Name | Magnesium CItrate |
| Loss On Drying | 25.6 % |
| **Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Assay (Dried Basis) | 15.6 % |
| **Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Identification B - Citrate (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Calcium, Dried Basis | <0.1 % |

## Method References — Testing Location

**Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF) (M_TITRTN_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF) ( M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification B - Citrate (Magnesium Citrate-USP_NF) (M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

**Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF) (M_FLM_AA_S )** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

# Certificate of Analysis

Piping Rock Health Products
2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| Method References | Testing Location |
|---|---|
| **Loss on Drying (LOD_S)** | **Food Integrity Innovation-Madison**<br>6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

| Testing Location(s) | Authorized on Behalf of Eurofins by |
|---|---|
| **Food Integrity Innovation-Madison** | **Edward Ladwig - President Eurofins Food Chemistry Testing Madison** |

Eurofins Food Chemistry Testing Madison, Inc.
6304 Ronald Reagan Ave
Madison WI 53704
800-675-8375

**These results apply only to the items tested. This certificate of analysis shall not be reproduced, except in its entirety, without the written approval of Eurofins. Measurement uncertainty for individual analyses can be obtained upon request.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREA GREENE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PIPING ROCK HEALTH PRODUCTS, INC.,<br><br>Defendant. | Civil Action No: 2:24-CV-08383-JMA-LGD<br><br>**DECLARATION OF JEFFREY S. JACOBSON IN SUPPORT OF MOTION FOR SANCTIONS** |

I, **JEFFREY S. JACOBSON**, of full age, hereby declare as follows:

1. I am an attorney at law in the State of New York and a partner of the law firm Faegre Drinker Biddle & Reath LLP, attorneys for Defendant Piping Rock Health Products, Inc. ("Piping Rock") in the above-captioned matter. The below facts are based upon my personal knowledge. I make this Declaration in support of Piping Rock's Motion for Sanctions.

2. On February 13, 2026, I emailed Plaintiff's counsel test results that Piping Rock received from Eurofins. Attached hereto as **Exhibit A** is a true and correct copy of my email to Plaintiff's counsel of February 13, 2026, as well as the email attachment thereto.

3. On March 12, 2026, I emailed Plaintiff's counsel additional test results that Piping Rock received from Eurofins. Attached hereto as **Exhibit B** is a true and correct copy of my email to Plaintiff's counsel of March 12, 2026, as well as the email attachments thereto.

4. After Magistrate Judge Dunst denied Piping Rock's request for leave to file a motion to stay discovery, Piping Rock asked Lemberg to confirm that if it produced the formula for the Product and marked it "Confidential," Lemberg would honor the confidentiality designation

despite Judge Dunst's not having yet entered the parties' agreed Protective Order. Lemberg agreed.

5. On March 13, 2026, I produced to Lemberg the product formulation, which stated the Product's actual carbohydrate weight and the weight of magnesium citrate.

6. After Lemberg noted the recent date of the formula provided, on March 16, 2026, I produced to Lemberg the formula that included the Product's formula revision history, demonstrating that the quantity of magnesium citrate has remained unchanged since the launch of the Product.

7. My firm served a version of the Motion for Sanctions on Lemberg on March 19, 2026, as required by Rule 11(c)(2).

8. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: New York, New York
March 23, 2026

By:______________________

Jeffrey S. Jacobson
**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
(212) 248-3140
Jeffrey.Jacobson@faegredrinker.com

*Attorneys for Defendant*
*Piping Rock Health Products, Inc.*

# EXHIBIT A

to the declaration of Jeffrey S. Jacobson

## Lattimore, William Joshua

**From:** Jacobson, Jeffrey S.
**Sent:** Friday, February 13, 2026 11:23 AM
**To:** Markovits Joshua
**Cc:** Lemberg Sergei; Lattimore, William Joshua
**Subject:** Re: Greene v. Piping Rock Health Products
**Attachments:** Eurofins test results.pdf

Joshua,

I have attached to this message test results that Piping Rock received yesterday from leading test lab Eurofins. Eurofins' testing confirmed Piping Rock's internal test results, and both confirm what my predecessor counsel has been telling you and Sergei since you filed this case: You are simply wrong. The gummies contain the promised amount of magnesium.

At this point, there are two directions we can go. I hope you will review these results and make the decision to dismiss your case voluntarily. The alternative is for us to serve you with a Rule 11 motion, which we can prepare within two weeks.

If you will not dismiss your complaint, I suggest that our motion responding to your complaint be due in six weeks. That way, our opening brief will be due roughly a week after the safe harbor period under Rule 11 will have lapsed. I'm open to whatever you have reasonably in mind by way of time for an opposition brief, and we would ask for three weeks for our reply.

Again, however, I believe briefing should be unnecessary. You do not have, and you will not be able to generate, an iota of substantiation for your false claim that these gummies do not contain the promised amount of magnesium. If you insist on relying on Wikipedia alone as your basis for maintaining your lawsuit, I have every confidence the Court will grant us sanctions under Rule 11 and its inherent authority. Sergei knows I hold him in high esteem, as we have litigated more meritorious cases against each other. This case, however, is not worth his or your time. I hope you will withdraw it without requiring us to seek sanctions or spend needless time on other motion practice, in which case we will not pursue sanctions for the work already done.

Thanks, and best regards,

Jeff

**Client**

Irene Fisher

Piping Rock Health Products

3900 Veterans Memorial Hwy, Suite 200, Bohemia, NY 11716

Phone: 15164913166

Email: hls9030@yahoo.com

| | | | |
|---|---|---|---|
| **Approval Date** | February 3, 2026 | **Delivery Conditions** | N/A |
| **Date of Receipt** | February 3, 2026 | **Testing Date Range** | 02-05-2026 to 02-11-2026 |
| **Test Request Form #** | 202602014 | | |

| **Eurofins ID** | **Sample Name** | **Lot/Batch Number** | **Supplier/Manufacturer** | **Country of Origin** |
|---|---|---|---|---|
| 202602014-1 | Calm Rasp Lemon Gummies | Lot: 000163185 Expiration: 06/2028 | N/A | N/A |
| 202602014-2 | Calm Rasp Lemon Gummies | Lot: 000163196 Expiration: 07/28 | N/A | N/A |
| 202602014-3 | Calm Rasp Lemon Gummies | Lot: 000163200 Expiration: 07/28 | N/A | N/A |

The following test item(s) was/were performed on submitted sample(s) and/or component(s) confirmed by applicant

| TEST REQUESTED | RESULT |
|---|---|
| Magnesium QD115 | See Attachment |

Analysis completed by Eurofins Subcontract Laboratory

**Signed for and on behalf of**
**Eurofins MTS Consumer Product Testing US, Inc.**



**Alexis Klock / Project Coordinator**

**02-11-2026**

This report relates to the above mentioned test item(s) and the extent to tests performed. This test report is not permitted to be reproduced except in full, without written permission of the test facility. This test report does not entitle any safety marks on this or similar products. The sample and the information regarding sample have been provided by the client. All information related to the sample are under liability of the client and have not been checked by Eurofins MTS Consumer Product Testing US, Inc.

# ATTACHMENT

eurofins | Nutrition Analysis Center

Eurofins Nutrition Analysis Center

2200 Rittenhouse Street Suite 150
Des Moines, Iowa 50321
+1 515 265 1461
ENACservice@US4.Eurofins-Info.com

EUUSBO3 - Eurofins Product Testing

Support Report Attn: 60090
11822 North Creek Pkwy Suite 110
Bothell, WA 98011

# ANALYTICAL REPORT

AR-26-QD-046005-01

**Client Code:** QD0006705
**PO#:** 200013927

**Received On:** 05Feb2026
**Reported On:** 11Feb2026
**Order Code:** 006-10547-2342817

| | | | |
|---|---|---|---|
| **Eurofins Sample Code:** | 464-2026-02050610 | **Sample Registration Date:** | 05Feb2026 |
| **Client Sample Code:** | 202602014-1 | **Condition Upon Receipt:** | acceptable, non-perishable |
| **Sample Description:** | Calm Rasp Lemon GummiesNB#28650Lot: 000163185 Expiration: 06/2028 Serving size- 4 gummies | **Sample Reference:** | |

| QD115 - Magnesium by ICP | Reference | Accreditation | Completed |
|---|---|---|---|
| | AOAC 984.27 mod,927.02 mod,985.01 mod,965.17 mod | ISO/IEC 17025:2017 A2LA 2927.01 | 11Feb2026 |

| Parameter | Result | Per Serving | Theoretical |
|---|---|---|---|
| Magnesium | 3,550 mg/100 g | 345 mg/Serving | mg/Serving |

| QD271 - Serving Size by Unit Weight | Reference | Completed |
|---|---|---|
| | calculation | 05Feb2026 |

| Parameter | Result | Per Serving | Theoretical |
|---|---|---|---|
| Serving Size | 9.72 g | 9.72 g | 4 Gummy/Serving |
| Units per serving | 4 | 4 | 4 |
| Unit weight | 2.4292 g | 2.4292 g | |

Respectfully Submitted,

Loreen Jones
Senior Analytical Reporting Specialist

A2LA ACCREDITED



2/11/26 12:31 pm

Results shown in this report relate solely to the item submitted for analysis. | Any opinions/interpretations expressed on this report are given independent of the laboratory's scope of accreditation. | All results are reported on an "As Received" basis unless otherwise stated. | Reports shall not be reproduced except in full without written permission of Eurofins Scientific, Inc. | All work done in accordance with Eurofins General Terms and Conditions of Sale : www.eurofinsus.com/terms_and_conditions.pdf | A number or a √ Indicates a subcontract test to a different lab. Lab(s) are listed at end of the report. For further details about the performing labs please contact your customer service contact at Eurofins. Measurement uncertainty can be obtained upon request.

eurofins | Nutrition Analysis Center

Eurofins Nutrition Analysis Center

2200 Rittenhouse Street Suite 150
Des Moines, Iowa 50321
+1 515 265 1461
ENACservice@US4.Eurofins-Info.com

EUUSBO3 - Eurofins Product Testing

Support Report Attn: 60090
11822 North Creek Pkwy Suite 110
Bothell, WA 98011

# ANALYTICAL REPORT

AR-26-QD-046006-01

**Client Code:** QD0006705
**PO#:** 200013927

**Received On:** 05Feb2026
**Reported On:** 11Feb2026
**Order Code:** 006-10547-2342817

| | | | |
|---|---|---|---|
| **Eurofins Sample Code:** | 464-2026-02050611 | **Sample Registration Date:** | 05Feb2026 |
| **Client Sample Code:** | 202602014-2 | **Condition Upon Receipt:** | acceptable, non-perishable |
| **Sample Description:** | Calm Rasp Lemon GummiesNB#28650Lot: 000163196 Expiration: 07/28 Serving size- 4 gummies | **Sample Reference:** | |

| **QD115 - Magnesium by ICP** | **Reference** | **Accreditation** | **Completed** |
|---|---|---|---|
| | AOAC 984.27 mod,927.02 mod,985.01 mod,965.17 mod | ISO/IEC 17025:2017 A2LA 2927.01 | 11Feb2026 |

| **Parameter** | **Result** | **Per Serving** | **Theoretical** |
|---|---|---|---|
| Magnesium | 3,340 mg/100 g | 350 mg/Serving | mg/Serving |

| **QD271 - Serving Size by Unit Weight** | **Reference** | **Completed** |
|---|---|---|
| | calculation | 05Feb2026 |

| **Parameter** | **Result** | **Per Serving** | **Theoretical** |
|---|---|---|---|
| Serving Size | 10.49 g | 10.49 g | 4 Gummy/Serving |
| Units per serving | 4 | 4 | 4 |
| Unit weight | 2.6213 g | 2.6213 g | g |

Respectfully Submitted,

Loreen Jones
Senior Analytical Reporting Specialist

A2LA ACCREDITED



2/11/26 12:31 pm

# ANALYTICAL REPORT



Results shown in this report relate solely to the item submitted for analysis. | Any opinions/interpretations expressed on this report are given independent of the laboratory's scope of accreditation. | All results are reported on an "As Received" basis unless otherwise stated. | Reports shall not be reproduced except in full without written permission of Eurofins Scientific, Inc. | All work done in accordance with Eurofins General Terms and Conditions of Sale: www.eurofinsus.com/terms_and_conditions.pdf | A number or a √ Indicates a subcontract test to a different lab. Lab(s) are listed at end of the report. For further details about the performing labs please contact your customer service contact at Eurofins. Measurement uncertainty can be obtained upon request.

Nutrition Analysis Center

Eurofins Nutrition Analysis Center

2200 Rittenhouse Street Suite 150
Des Moines, Iowa 50321
+1 515 265 1461
ENACservice@US4.Eurofins-Info.com

EUUSBO3 - Eurofins Product Testing

Support Report Attn: 60090
11822 North Creek Pkwy Suite 110
Bothell, WA 98011

# ANALYTICAL REPORT

AR-26-QD-046007-01

**Client Code:** QD0006705
**PO#:** 200013927

**Received On:** 05Feb2026
**Reported On:** 11Feb2026
**Order Code:** 006-10547-2342817

| | | | |
|---|---|---|---|
| **Eurofins Sample Code:** | 464-2026-02050612 | **Sample Registration Date:** | 05Feb2026 |
| **Client Sample Code:** | 202602014-3 | **Condition Upon Receipt:** | acceptable, non-perishable |
| **Sample Description:** | Calm Rasp Lemon GummiesNB#28650Lot: 000163200 Expiration: 07/28 Serving size- 4 gummies | **Sample Reference:** | |

| **QD115 - Magnesium by ICP** | **Reference** | **Accreditation** | **Completed** |
|---|---|---|---|
| | AOAC 984.27 mod,927.02 mod,985.01 mod,965.17 mod | ISO/IEC 17025:2017 A2LA 2927.01 | 11Feb2026 |

| **Parameter** | **Result** | **Per Serving** | **Theoretical** |
|---|---|---|---|
| Magnesium | 3,330 mg/100 g | 351 mg/Serving | mg/Serving |

| **QD271 - Serving Size by Unit Weight** | **Reference** | **Completed** |
|---|---|---|
| | calculation | 05Feb2026 |

| **Parameter** | **Result** | **Per Serving** | **Theoretical** |
|---|---|---|---|
| Serving Size | 10.53 g | 10.53 g | 4 Gummy/Serving |
| Units per serving | 4 | 4 | 4 |
| Unit weight | 2.6315 g | 2.6315 g | |

Respectfully Submitted,

Loreen Jones
Senior Analytical Reporting Specialist

ACCREDITED

Results shown in this report relate solely to the item submitted for analysis. | Any opinions/interpretations expressed on this report are given independent of the laboratory's scope of accreditation. | All results are reported on an "As Received" basis unless otherwise stated. | Reports shall not be reproduced except in full without written permission of Eurofins Scientific, Inc. | All work done in accordance with Eurofins General Terms and Conditions of Sale: www.eurofinsus.com/terms_and_conditions.pdf | A number or a √ Indicates a subcontract test to a different lab. Lab(s) are listed at end of the report. For further details about the performing labs please contact your customer service contact at Eurofins. Measurement uncertainty can be obtained upon request.

# EXHIBIT B

to the declaration of Jeffrey S. Jacobson

| | |
|---|---|
| **From:** | Jacobson, Jeffrey S. |
| **To:** | Sergei Lemberg; Joshua Markovits |
| **Cc:** | Lattimore, William Joshua |
| **Subject:** | Greene v. Piping Rock |
| **Date:** | Thursday, March 12, 2026 9:07:51 AM |
| **Attachments:** | 5282222-0_COA.pdf<br>5282221-0_COA.pdf<br>5282223-0_COA.pdf<br>5282220-0_COA.pdf |

---

Sergei & Joshua,

Eurofins conducted further testing on the gummies at issue and confirmed that the magnesium source is magnesium citrate. Those results are attached. Further, given Judge Dunst's order denying a stay of discovery, I'm prepared to produce the formula for these gummies immediately. Judge Dunst has not yet entered our agreed protective order, but if you will kindly confirm that you will treat the formula as "Confidential," as defined in the proposed protective order, I will produce it with that designation. The formula provides further confirmation that your claim is incorrect, as it demonstrates both that magnesium citrate is the only magnesium-containing ingredient in the gummies and that there is more than sufficient "room" in the gummies for the promised quantity of magnesium as magnesium citrate.

Thanks, and best regards,

Jeff

**Jeffrey S. Jacobson**
Partner
Pronouns: he/him/his
jeffrey.jacobson@faegredrinker.com
Connect: vCard

+1 212 248 3191 direct

**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

eurofins Food Integrity & Innovation

Report Number: 5282220-0
Report Date: 10-Mar-2026
Report Status: Final

# Certificate of Analysis

## Piping Rock Health Products

2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| | | | |
|---|---|---|---|
| **Sample Name:** | **RAWP-6629 Lot P440046** | **Eurofins Sample:** | **16302516** |
| **Project ID** | PIPING_ROC-20260305-0189 | **Receipt Date** | 06-Mar-2026 |
| **PO Number** | NA | **Receipt Condition** | Ambient temperature |
| **Lot Number** | RAWP-6629 Lot P440046 | **Login Date** | 05-Mar-2026 |
| **Description** | Magnesium citrate | **Date Started** | 06-Mar-2026 |
| | | **Sampled** | Sample results apply as received |
| | | **Online Order** | 901-2026-E021449 |

| Analysis | Result |
|---|---|
| **Loss on Drying** | |
| Method Name | Magnesium CItrate |
| Loss On Drying | 25.6 % |
| **Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Assay (Dried Basis) | 15.6 % |
| **Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Identification B - Citrate (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Calcium, Dried Basis | <0.1 % |

| Method References | Testing Location |
|---|---|
| **Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF) (M_TITRTN_S)** | **Food Integrity Innovation-Madison** 6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

| | |
|---|---|
| **Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF) ( M_CHM_ID_S)** | **Food Integrity Innovation-Madison** 6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

| | |
|---|---|
| **Identification B - Citrate (Magnesium Citrate-USP_NF) (M_CHM_ID_S)** | **Food Integrity Innovation-Madison** 6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

| | |
|---|---|
| **Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF) (M_FLM_AA_S )** | **Food Integrity Innovation-Madison** 6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online ( Modified)

# Certificate of Analysis

## Piping Rock Health Products

2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| Method References | Testing Location |
|---|---|
| **Loss on Drying (LOD_S)** | **Food Integrity Innovation-Madison**<br>6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

| Testing Location(s) | Authorized on Behalf of Eurofins by |
|---|---|
| **Food Integrity Innovation-Madison** | **Edward Ladwig - President Eurofins Food Chemistry Testing Madison** |

Eurofins Food Chemistry Testing Madison, Inc.
6304 Ronald Reagan Ave
Madison WI 53704
800-675-8375

**These results apply only to the items tested. This certificate of analysis shall not be reproduced, except in its entirety, without the written approval of Eurofins. Measurement uncertainty for individual analyses can be obtained upon request.**

| | |
|---|---|
| **Report Number:** | **5282221-0** |
| **Report Date:** | **10-Mar-2026** |
| **Report Status:** | **Final** |

# Certificate of Analysis

## Piping Rock Health Products

2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| **Sample Name:** | **RAWP-6629 Lot P440365** | **Eurofins Sample:** | **16302518** |
|---|---|---|---|
| **Project ID** | PIPING_ROC-20260305-0189 | **Receipt Date** | 06-Mar-2026 |
| **PO Number** | NA | **Receipt Condition** | Ambient temperature |
| **Lot Number** | RAWP-6629 Lot P440365 | **Login Date** | 05-Mar-2026 |
| **Description** | Magnesium citrate | **Date Started** | 06-Mar-2026 |
| | | **Sampled** | Sample results apply as received |
| | | **Online Order** | 901-2026-E021449 |

| Analysis | Result |
|---|---|
| **Loss on Drying** | |
| Method Name | Magnesium CItrate |
| Loss On Drying | 25.6 % |
| **Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Assay (Dried Basis) | 15.4 % |
| **Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Identification B - Citrate (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Calcium, Dried Basis | <0.1 % |

| **Method References** | **Testing Location** |
|---|---|

**Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF) (M_TITRTN_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF) ( M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification B - Citrate (Magnesium Citrate-USP_NF) (M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

**Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF) (M_FLM_AA_S )** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

# Certificate of Analysis

Piping Rock Health Products
2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| Method References | Testing Location |
|---|---|
| **Loss on Drying (LOD_S)** | **Food Integrity Innovation-Madison**<br>6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

| Testing Location(s) | Authorized on Behalf of Eurofins by |
|---|---|
| **Food Integrity Innovation-Madison** | **Edward Ladwig - President Eurofins Food Chemistry Testing Madison** |

Eurofins Food Chemistry Testing Madison, Inc.
6304 Ronald Reagan Ave
Madison WI 53704
800-675-8375

**These results apply only to the items tested. This certificate of analysis shall not be reproduced, except in its entirety, without the written approval of Eurofins. Measurement uncertainty for individual analyses can be obtained upon request.**

**eurofins** | Food Integrity & Innovation

| | |
|---|---|
| **Report Number:** | **5282222-0** |
| **Report Date:** | **10-Mar-2026** |
| **Report Status:** | **Final** |

# Certificate of Analysis

## Piping Rock Health Products

2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| **Sample Name:** | **RAWP-6629 Lot P444884** | **Eurofins Sample:** | **16302521** |
|---|---|---|---|
| **Project ID** | PIPING_ROC-20260305-0189 | **Receipt Date** | 06-Mar-2026 |
| **PO Number** | NA | **Receipt Condition** | Ambient temperature |
| **Lot Number** | RAWP-6629 Lot P444884 | **Login Date** | 05-Mar-2026 |
| **Description** | Magnesium citrate | **Date Started** | 06-Mar-2026 |
| | | **Sampled** | Sample results apply as received |
| | | **Online Order** | 901-2026-E021449 |

| **Analysis** | **Result** |
|---|---|
| **Loss on Drying** | |
| Method Name | Magnesium CItrate |
| Loss On Drying | 25.4 % |
| **Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Assay (Dried Basis) | 15.7 % |
| **Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Identification B - Citrate (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Calcium, Dried Basis | <0.1 % |

## Method References — Testing Location

**Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF) (M_TITRTN_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF) ( M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification B - Citrate (Magnesium Citrate-USP_NF) (M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

**Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF) (M_FLM_AA_S )** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

# Certificate of Analysis

Piping Rock Health Products
2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| **Method References** | **Testing Location** |
|---|---|
| **Loss on Drying (LOD_S)** | **Food Integrity Innovation-Madison**<br>6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

| **Testing Location(s)** | **Authorized on Behalf of Eurofins by** |
|---|---|
| **Food Integrity Innovation-Madison** | **Edward Ladwig - President Eurofins Food Chemistry Testing Madison** |

Eurofins Food Chemistry Testing Madison, Inc.
6304 Ronald Reagan Ave
Madison WI 53704
800-675-8375

**These results apply only to the items tested. This certificate of analysis shall not be reproduced, except in its entirety, without the written approval of Eurofins. Measurement uncertainty for individual analyses can be obtained upon request.**

# Certificate of Analysis

## Piping Rock Health Products

2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| | | | |
|---|---|---|---|
| **Sample Name:** | **RAWP-6629 Lot P444885** | **Eurofins Sample:** | **16302522** |
| **Project ID** | PIPING_ROC-20260305-0189 | **Receipt Date** | 06-Mar-2026 |
| **PO Number** | NA | **Receipt Condition** | Ambient temperature |
| **Lot Number** | RAWP-6629 Lot P444885 | **Login Date** | 05-Mar-2026 |
| **Description** | Magnesium citrate | **Date Started** | 06-Mar-2026 |
| | | **Sampled** | Sample results apply as received |
| | | **Online Order** | 901-2026-E021449 |

| Analysis | Result |
|---|---|
| **Loss on Drying** | |
| Method Name | Magnesium CItrate |
| Loss On Drying | 25.6 % |
| **Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Assay (Dried Basis) | 15.6 % |
| **Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Identification B - Citrate (Magnesium Citrate-USP_NF)** | |
| Identification | Conforms |
| **Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF)** | |
| Calcium, Dried Basis | <0.1 % |

### Method References — Testing Location

**Assay - Magnesium by titration (USP43-NF38) (Magnesium Citrate-USP_NF) (M_TITRTN_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification A - Magnesium (USP43-NF38) (Magnesium Citrate-USP_NF) ( M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia, 43rd Revision - National Formulary 38th Edition. USP Convention. Rockville, MD (2019). ( Modified).

**Identification B - Citrate (Magnesium Citrate-USP_NF) (M_CHM_ID_S)** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

**Limit of Calcium (USP43-NF38) (Magnesium Citrate-USP_NF) (M_FLM_AA_S )** — **Food Integrity Innovation-Madison**
6304 Ronald Reagan Ave Madison, WI 53704 USA

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

# Certificate of Analysis

Piping Rock Health Products
2120 Smithtown Ave
Ronkonkoma NY 11779 United States

| Method References | Testing Location |
|---|---|
| **Loss on Drying (LOD_S)** | **Food Integrity Innovation-Madison**<br>6304 Ronald Reagan Ave Madison, WI 53704 USA |

United States Pharmacopeia-National Formulary (USP-NF). https://online.uspnf.com/uspnf. Rockville, MD: USPC Online

| Testing Location(s) | Authorized on Behalf of Eurofins by |
|---|---|
| **Food Integrity Innovation-Madison** | **Edward Ladwig - President Eurofins Food Chemistry Testing Madison** |

Eurofins Food Chemistry Testing Madison, Inc.
6304 Ronald Reagan Ave
Madison WI 53704
800-675-8375

**These results apply only to the items tested. This certificate of analysis shall not be reproduced, except in its entirety, without the written approval of Eurofins. Measurement uncertainty for individual analyses can be obtained upon request.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREA GREENE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PIPING ROCK HEALTH PRODUCTS, INC.,<br><br>Defendant. | Civil Action No: 2:24-CV-08383-JMA-LGD<br><br>**CERTIFICATE OF SERVICE** |

I, **W. JOSHUA LATTIMORE**, of full age, hereby certify as follows:

1. I am an attorney at law in the State of New York, not a party to this action, and an associate at the law firm Faegre Drinker Biddle & Reath LLP, attorneys for Defendant Piping Rock Health Products, Inc. ("Piping Rock") in the above-captioned matter.

2. On April 15, 2026, I served Piping Rock's (1) Notice of Motion for Sanctions; (2) Memorandum in Support of Motion for Sanctions; (3) the Declaration of Reena Kiriyanthan in support of the Motion, together with the exhibits thereto; and (4) the Declaration of Jeffrey S. Jacobson in support of the Motion, together with the exhibits thereto, as well as this Certificate of Service upon Plaintiff by way of her counsel, pursuant to Fed. R. Civ. P. 5, via ECF, email, and Federal Express to:

Sergei Lemberg
**LEMBERG LAW, LLC**
43 Danbury Road
Wilton, CT 06897
slemberg@lemberglaw.com

3. I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements made by me are true and correct.

Dated: New York, New York
April 15, 2026

By: W. Joshua Lattimore
W. Joshua Lattimore