faegre drinker

faegredrinker.com

**Jeffrey S. Jacobson**
Partner
jeffrey.jacobson@faegredrinker.com
212-248-3191 direct

**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
+1 212 248 3140 main
+1 212 248 3141 fax

April 22, 2026

**BY ECF**

Hon. Lee G. Dunst, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

*Greene v. Piping Rock Health Products, Inc.*, No. 2:24-cv-8383

Dear Judge Dunst:

I represent Defendant Piping Rock Health Products, Inc., in this matter.

In violation of Your Honor's Individual Practices, Plaintiff's counsel sent the Court a unilateral letter about a discovery dispute. Contrary to counsel's statement that we have refused to meet and confer with him, we have, in fact, been in relatively constant contact, exchanging emails about this case throughout March and April. We have offered to speak by phone, as well, but the simple fact is that the parties fundamentally disagree about the appropriate scope of discovery.

Plaintiff's complaint posits that a four-gummy serving of Piping Rock's "Natural Vitality Calm Gummies Magnesium Supplement" (the "Product") does not contain 330 milligrams of magnesium derived from magnesium citrate, as stated on the label. Clearly, the most important issue in this case is whether that provable, readily testable assertion of objective fact is true or false. Piping Rock already has produced to Plaintiff (1) formulas for the Product dating back to 2019 which show that Piping Rock and its predecessor owner of the Product prepared it with what Plaintiff concedes is a sufficient quantity of trimagnesium citrate to deliver the promised 330mg of magnesium; and (2) test results from the world's leading independent laboratory proving that the Product contains 330mg of magnesium derived from magnesium citrate. Plaintiff, by contrast, has produced *nothing* to support her claim. Plaintiff's deadline to respond formally to Piping Rock's interrogatories and document production requests falls later today, and that impending deadline likely is why Plaintiff's counsel rushed to send Your Honor a unilateral dispute letter.

We ask that the Court please strike or disregard Plaintiff's counsel's improper filing. We have been working on Piping Rock's portion of a <u>joint</u> letter, after receiving the draft of Plaintiff's section sent late in the afternoon on April 16, and we plan to provide that draft to Plaintiff's counsel by the end of this week, <u>after</u> Plaintiff has provided responses to Piping Rock's discovery requests. As both parties will request an in-person discovery conference, the Court may wish to schedule one at its convenience even before seeing the parties' joint submission.

Respectfully submitted,

Jeffrey S. Jacobson