faegre drinker

faegredrinker.com

**Jeffrey S. Jacobson**
Partner
jeffrey.jacobson@faegredrinker.com
212-248-3191 direct

**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
+1 212 248 3140 main
+1 212 248 3141 fax

May 28, 2026

**BY ECF**

Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

*Greene v. Piping Rock Health Products, Inc.*, No. 2:24-cv-8383

Dear Judge Azrack:

I represent Defendant Piping Rock Health Products, Inc., in this matter. I write in response to Plaintiff's counsel's letter filed earlier today. As Plaintiff's counsel correctly stated, this case concerns the amount and source of magnesium in Piping Rock's "Calm Magnesium Gummies" supplement. The Court has before it both a motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted and a motion for sanctions against Plaintiff's counsel for bringing and maintaining this case without a valid basis. Piping Rock based its pleading-stage motion on Plaintiff's abject failure to plausibly allege that Piping Rock's product contains less than the promised amount of magnesium or that the source is anything other than magnesium citrate. Piping Rock filed its sanctions motion after it produced to Plaintiff's counsel (1) the formula for the product, and (2) independent laboratory test results proving the gummies contain the promised amount of magnesium.

On or about May 12, 2026, Plaintiff's counsel and I reached an agreement to engage the leading independent laboratory to test three "retained lots" of the product—in other words, batches of the product produced in prior years that Piping Rock retained for regulatory purposes. Plaintiff's counsel selected the lots to be tested, Piping Rock shipped those lots to the laboratory, and the laboratory analyzed the magnesium content of gummies from each lot. Unsurprisingly to Piping Rock, the laboratory confirmed that the gummies contain the promised amount of magnesium. Yet, Plaintiff's counsel still refused to dismiss this frivolous lawsuit.

As stated in the opening paragraph, Piping Rock also has produced to Plaintiff's counsel multiple versions of the formula for the product dating back to the product's inception. Every version but one reflected the same quantity of magnesium citrate added to the product batch. One document contained what appears to be a typographical error in one digit of the magnesium content. The document reflects the promised amount of magnesium—330 milligrams per serving. Every version created before and after the one Plaintiff's counsel references reflects the correct amount of magnesium citrate. There was no "change" in the amount of magnesium used in the product, and indeed, the document to which Plaintiff's counsel refers expressly notes all changes to the formula, with no mention of a change to the amount of magnesium.

Plaintiff's counsel wrote to me about this apparent typographical error on May 26. Last night, he threatened to write to Your Honor if I did not respond to his letter immediately. Within an hour of his message, I responded that I was working with my client to provide a response and would do so as soon as possible. Without any further communication to me, Mr. Lemberg fired off his letter to Your Honor. His representation that he "conferred" with me about the subject of his letter is simply false.

We are happy to produce to Your Honor all the formula documents we have given to Mr. Lemberg, as well as the independent laboratory test results that disprove his claim. The documents speak for themselves and should negate any need for supplemental briefing on Piping Rock's sanctions motion. Further, we would welcome the opportunity to discuss this matter with Your Honor at an in-person status conference. A short discussion with the Court should be all that is necessary to dispose of this matter once and for all.

Respectfully submitted,

Jeffrey S. Jacobson