LEMBERG LAW

**Sergei Lemberg**

43 Danbury Road
Wilton, CT 06897
Tel: 203-653-2250

Office:203-653-2250 x5500
Fax:203-653-3424
Email:slemberg@lemberglaw.com

July 24, 2026

**BY ECF**

Hon. Lee G. Dunst, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re: *Greene v. Piping Rock Health Products, Inc.,* No. 2:24-cv-08383

Dear Judge Dunst:

Pursuant to the Court's Minute Order dated July 10, 2026 (Dkt. 54), the parties submit this joint report as to the status of discovery.

**Defendant's Interrogatory Responses.** By email dated July 13, 2026, Plaintiff requested compliant interrogatory responses by July 17, 2026. None have been served. Defendant states it will supplement on or before the date it completes document production, and that its responses will refer Plaintiff to produced documents.

**Defendant's Document Production.** On July 13, 2026, Plaintiff sent Defendant an email identifying eleven major categories of outstanding documents keyed to its document requests and requested completion by August 15, 2026; Plaintiff subsequently identified class-period sales records as an additional category. Defendant has confirmed it will begin production next week and complete production by August 15. Specifically, Defendant has agreed to produce:

- "Batch records" showing the exact ingredients/quantities used to manufacture each batch of "Natural Vitality Calm Magnesium Gummies" during the multi-year class period;
- All formula specifications for this product and documents pertaining to any changes to the formula's magnesium source or quantity;
- Records of Defendant's purchases of trimagnesium citrate and assay testing of it;
- Defendant's internal testing to confirm magnesium content of finished gummies;
- Labels for the product used during the class period; and
- Customer complaints, if any, about the product's magnesium content or allegations of gastrointestinal issues experienced after consuming the product.

Plaintiff reserves the right to object to the sufficiency of Defendant's production after it is complete.

**Email Searches.** Plaintiff's Doc. Req. 22-23 ask for electronic data and emails on issues relevant to the litigation.

Defendant does not believe it should be required to search for and produce relevant internal email correspondence until its production on August 15, 2026, is complete and reviewed by Plaintiff.

**Third-Party Subpoenas.** Plaintiff has served a Rule 45 subpoena on Abe Vaynberg / Better Health; compliance is outstanding. Plaintiff has also served a Rule 45 subpoena on The Clorox Company, the Product's predecessor owner, seeking class-period formula, manufacturing, testing, and label-substantiation records; compliance is outstanding. Clorox reports that the majority of documents were transferred to Piping Rock in the sale, but discussions are ongoing.

**Depositions.** Plaintiff has noticed the deposition of Reena Kiriyanthan, in her individual capacity, and of Defendant's Rule 30(b)(6) designees, for September 30 through October 10, 2026. Defendant has confirmed Ms. Kiriyanthan will appear, will serve as one of its two 30(b)(6) designees, and that both witnesses are available during that window; firm dates have not been set.

Plaintiff has further advised Defendant of the intent to depose Mr. Lazovick and the individuals responsible for formulation, quality, and the March 2024 formula rework, including Ms. Fowler and Ms. Titus, together with their predecessor-company counterparts, with scheduling to follow completion of Defendant's document production. Plaintiff and Defendant agree to discuss scheduling these individuals for deposition promptly following the completion of Defendant's document production on August 15.

Plaintiff will provide her own deposition availability shortly.

**Plaintiff's Document Production**. Plaintiff has produced her June 2024 receipt reflecting her only purchase of the product. Plaintiff has confirmed to Defendant that she has no other documents to produce. As Plaintiff's counsel represented to the Court on July 10, Plaintiff will not rely on any testing Plaintiff's counsel has conducted to date, which Plaintiff is withholding from production as attorney work product.

**Discovery Extension**. Depending on what is ultimately produced and whether discovery disputes can be resolved in a timely manner, Plaintiff reserves the right to ask for a discovery extension reasonably tailored to outstanding issues.

Respectfully submitted,

| | |
|---|---|
| */s/ Sergei Lemberg* | */s/ Jeffrey S. Jacobson* |
| Sergei Lemberg | Jeffrey S. Jacobson |
| *Attorney for Plaintiff* | *Attorney for Defendant* |