FILED
CLERK
7/15/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA GREENE, Plaintiff, | **Docket#** 24-cv-08383-JMA-LGD |
| - versus - | U.S. Courthouse Central Islip, New York |
| PIPING ROCK HEALTH PRODUCTS, INC. Defendant | July 10, 2026 |

TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY CONFERENCE
BEFORE THE HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**
(**VIA VIDEO/AUDIO**)

**For the Plaintiff**: **Sergei Lemberg, Esq.**
Lemberg Law LLC
43 Danbury Rd
Wilton, CT 06897

**For Defendant**: **Jeffrey S. Jacobson, Esq.**
**William Joshua Lattimore, Esq.**
Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas
41st Floor
New York, NY 10036

**Transcription Service**: **Transcriptions Plus II, Inc.**
61 Beatrice Avenue
West Islip, New York 11795
RL.Transcriptions2@gmail.com

Proceedings recorded by electronic sound-recording, transcript produced by transcription service

THE COURT: Good afternoon. This is Judge Dunst. Mr. Hutt, could you call the case, please?

THE CLERK: Sure, Judge.

Calling case number 24-cv-8383, *Greene v. Piping Rock Health Products, LLC.*

Counsel, please state your appearance for the record.

THE COURT: You're on mute.

MR. LEMBERG: Sorry.

THE COURT: It's okay.

MR. LEMBERG: Good afternoon, your Honor. Sergei Lemberg for the plaintiff.

THE COURT: Good afternoon.

MR. JACOBSON: Good afternoon, your Honor. Jeffrey Jacobson from Faegre Drinker for the defendant. I'm joined by my associate, Josh Lattimore and in-house counsel at Piping Rock Irene Fisher.

THE COURT: All right. Good afternoon.

All right. So we're here today for a conference to address the discovery issues that were raised with me in docket entry 48. My intention is to rule orally on the issues and I'm not entertaining any further argument.

Let me turn to, before I address my rulings, I want to review the status of this case and how we got

from the filing of the complaint on December 6, 2024 to today.

Defendants previously sought to dismiss this case in a motion for pre-motion conference. Judge Azrack denied that on May 13, 2025.

Then on October 7, 2025, Judge Azrack once again denied a motion for pre-motion conference and referred the parties to mediation. The mediation was reported to be unsuccessful on December 4, 2025.

After I issued an order scheduling an initial conference, the defendants sought to adjourn the initial conference in light of the fact that it filed another pre-motion letter with Judge Azrack to dismiss the case. I denied the motion to adjourn the conference. That's on my January 15, 2026 order.

On January 20, 2026 I conducted an initial conference in this case. I approved the parties' joint proposed scheduling order.

On February 5, 2026, Piping Rock changed counsel and Mr. Jacobson and his law firm stepped in as new counsel for Piping Rock.

On December 27, 2026, the defendants filed a letter with me seeking to stay discovery in this case pending the anticipated, pending the motions with Judge Azrack.

I issued an order on March 5, 2026 denying the motion to stay discovery and directed the parties to comply with my discovery scheduling order. I'll note that defendants did not object to Judge Azrack in terms of my March 5, 2026 denial of the motion to stay discovery.

On April 24, 2026, defendants filed a fully briefed motion to dismiss with Judge Azrack. That's still pending with Judge Azrack.

On May 6, 2026, defendants filed a motion for sanctions with Judge Azrack. That's also pending with her.

And then on June 5, 2026, the motion before me, the joint motion, purported to be a joint motion for discovery, was filed with me.

I'll note first as far as I'm concerned, I think docket entry 48 is not properly characterized. I sort of view it in the first instance really as a motion for me to reconsider my prior order on March 5, 2026 denying defendant's earlier request to stay discovery. And then (indiscernible) decide to change my mind about the stay of discovery, either to impose the stay, or to phase discovery.

I have reviewed docket entry 48 and I find defendant's arguments to be utterly meritless. I find

there would be no basis to reconsider my prior decision denying the motion to stay in light of what is clear to me are obvious that the questions in this case and I find nothing about the pending motion to dismiss with Judge Azrack or the pending motion to change anything that should warrant me either reconsidering my prior decision denying the motion to stay or to permit phase discovery.

Reviewing docket entry 48 is in essence just yet another attempt by the defendants in this case to reargue a pending motion to dismiss and reargue a pending sanctions motion before me and utilize those arguments as a way to delay discovery in this case and stop discovery in this case.

Repeatedly in reviewing this letter, defendants again and again state things as fact and just say it's a fact and therefore the case should be dismissed and there should be no discovery. I simply reject that proposition at this early stage of the case. This letter is replete with this in terms of the arguments the defendants make which quite honestly are internally inconsistent as plaintiff points out. Defendant repeatedly makes reference to a claimed typographical error. This was on page 2 of docket entry 48. A claimed typographical error in terms of the magnesium citrate content, but then later two sentences later says but we have no idea what the

genesis of this error is, and then suggests that even if there is just one error that that's no basis for discovery and suggesting that Piping Rock has nothing more to prove. That's on docket entry 48. That completely misunderstands the process in terms of how discovery works and the fact that I had previously denied the motion to stay discovery and have no intention to reconsider that.

Moreover, the fact that again and again throughout this letter defendants have just set down unilateral rules on their own for how they think they want to conduct discovery in terms of a quid pro quo on every point. That's not how discovery works. And you're going to start complying with your discovery obligations in this case. I'm glad that the client is on the phone to hear this. This is simply not going to continue in this case.

So to be clear, I'm rejecting a motion to reconsider my prior motion to stay discovery. And even if there wasn't a prior motion to stay discovery, a prior order to stay discovery, I would reject this one as completely completely meritless. I think the letter itself identifies fact issues which may or may not be relevant to Judge Azrack's determination on the motion to dismiss.

Moreover, in terms of the sanctions motion, that'll be up to Judge Azrack to decide. But I'm quite familiar with the case law in this area. She'll make her own decision. But it sure seems to me that that's wildly premature in a case where there's been no final determination and courts repeatedly address sanctions issues at the end of the case, not in the midst of discovery in an effort to try to shut down discovery.

So I'm rejecting the suggestion, if there was one even being made, that somehow the filing of a motion to dismiss or the filing of the sanctions motion changes anything in terms of how discovery proceeds.

So to be clear, I'm rejecting any and all relief requested by the defendants in docket entry 48.

Now, let me turn to a question I have, Mr. Lemberg, for you in terms of the pre-litigation testing that was done. To be clear, I don't know if you know an answer to this now or not, but is that something that your client is intending to rely upon in this case? Put aside the sanctions motion. In terms of the case on its merits, is this something that your fact witnesses are going to be relying upon or is this something your expert witnesses are going to be relying upon, or do you not know yet?

MR. LEMBERG: No to all three questions, Judge.

THE COURT: All right. So the work product that was generated prior to the lawsuit brought in terms of the testing is not something that your fact witnesses are relying upon and it's not something your expert witnesses are relying upon. Is that correct?

MR. LEMBERG: That is correct, Judge.

THE COURT: Okay. So I'm certainly -- again, consistent with my order before, any and all relief based upon that representation, any and all relief that was requested by the defendant at docket entry 40 days is rejected. If that changes in the future in terms of what happens with the pre-litigation testing, that'll be an issue for down the road. But as we sit here right now, I'm not ordering that to be produced.

So to be clear, and I'll put my order on the record as follows, my minute order will read for the reasons stated on the record, the Court denies defendant's motion to reconsider the Court's March 5, 2026 order denying defendant's earlier motion to stay discovery. Furthermore, the Court denies any and all relief requested by defendant at docket entry 28.

Defendant is ordered to respond in good faith to plaintiff's outstanding discovery requests and confer in good faith with plaintiff regarding the expedited scheduling of depositions.

The parties shall submit by July 24th a joint status report limited to two pages with no exhibits with updates on the confirm dates for defendant's responses to plaintiff's discovery requests and confirm dates for depositions.

Furthermore, I'm going to direct the defendant to order the transcript of today's proceeding on an expedited basis, to file it on ECF by July 24th. And I know I have a representative of defendant on, but nonetheless I'm going to direct defense counsel to provide his client with a copy of this order and the aforementioned transcript and confirm that that's been done by the 24th. So I will keep a lookout for the submission on July 4th and then we will move the case along.

And to be clear to everybody, but I think primarily to the defendant, we're going to move this case along and either I'm going to move it along with your cooperation or I'm going to move it along without your cooperation, but it's going to move along and I'm simply not going to tolerate this anymore in this case in terms of what's been going on, especially what's been going on in the case since February 5, 2026.

All right. Anything else that the parties need from me today, Mr. Lemberg?

MR. LEMBERG: No, thank you, Judge.
THE COURT: All right. Thank you. Mr. Jacobson, anything else for today?
MR. JACOBSON: Your Honor, I have to object to your characterization of our letter as a request to reconsider the following very brief --
THE COURT: So this is what you can do. If you object to my ruling, then you have an opportunity to take it up with Judge Azrack. And if you think that I have been treating you improperly somehow in this case, I urge you to take that up to Judge Azrack. I'm not interested in hearing any argument from you on this because if you want to go down that road, I can go through how it's abundantly clear to me what's been going on in this case since your notice of appearance in terms of the delay tactics and the obvious gamesmanship which Judge Azrack is way more experienced than me and she was a magistrate judge for many years before she was a district court judge. And I am pretty confident she'll look at this record and reach the same conclusion I did. But maybe I'm wrong. And if I'm wrong, then you'll have an opportunity to take that up to her.
MR. JACOBSON: Your Honor, your Honor --
THE COURT: So other than rearguing, other than seeking to reargue this, which if you're seeking to

reargue it, it's denied, anything else you need to raise with --

MR. JACOBSON: Your Honor, I'm not seeking to reargue, Your Honor. I'm asking to respond to that. I mean the accusation of gamesmanship without giving me an opportunity to respond on the record at all? May I be briefly heard?

THE COURT: You can be briefly heard. And I urge you to take a look at the docket in this case also. But if you want to put something on the record in terms of how you're not engaged in gamesmanship, go right ahead.

MR. JACOBSON: Your Honor, after your Honor ruled that discovery should not be stayed, we immediately produced the formula documents.

Moreover, we engaged with Mr. Lemberg. We gave him a list of all of our retained samples of this product. We gave Mr. Lemberg an opportunity to choose samples to send off for testing to confirm the amount of magnesium. Mr. Lemberg did that. We sent them off for testing. The test results confirmed the same as the formula.

THE COURT: Yes, I'm not entertaining this any further, I'm not entertaining this any further. You're simply repeating what's in your brief and what you're

trying to do, what you're trying to do is argue the sanctions motion with me.

MR. JACOBSON: No, no --

THE COURT: No, I'm going to stop. You're done, you're done. I'm not allowing this. I'm simply not allowing this. You're going to comply with my discovery orders in this case. If you don't want to comply with my discovery orders in this case, you've got two choices. You can take me up to Judge Azrack or you can deal with me if you choose not to comply with my discovery orders, or hopefully you'll start doing so. All right? I think I've been abundantly clear on how this case is going to proceed. All right?

And I know you filed motions with Judge Azrack. They are still pending. I don't see anything about them that should warrant me changing my approach on discovery in this case.

So that's my ruling, and I'm not interested in hearing any further argument from you, Mr. Jacobson.

All right. So we'll issue a minute order with those upcoming dates. I'll keep a lookout for the submission on July 24th. Everyone have a good rest of the day and we're adjourned. Thank you.

MR. LEMBERG: Thank you, your Honor.

(Matter concluded)

**C E R T I F I C A T E**

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **15th** day of **July**, 2026.

Mary Greco

Transcriptions Plus II, Inc.