faegre drinker

faegredrinker.com

**Jeffrey S. Jacobson**
Partner
jeffrey.jacobson@faegredrinker.com
212-248-3191 direct

**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
+1 212 248 3140 main
+1 212 248 3141 fax

September 21, 2026

**BY ECF**

Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

*Greene v. Piping Rock Health Products, Inc.*, No. 2:24-cv-8383

Dear Judge Azrack:

I represent Defendant Piping Rock Health Products, Inc. ("Piping Rock"), in this matter. On September 18, Plaintiff Andrea Greene filed a Rule 41 Notice of Voluntary Dismissal (Dkt. No. 59). This action was <u>not</u> the result of a settlement between the parties. It was, instead, a long-overdue recognition by Plaintiff's counsel that the lawsuit had no merit. Piping Rock's "Calm Gummies Magnesium Supplement" has always contained 330 milligrams of magnesium, derived from magnesium citrate, exactly as the product's packaging promises. Plaintiff's dismissal moots Piping Rock's pending Motion to Dismiss the case (Dkt. Nos. 40-42) but does <u>not</u> moot Piping Rock's Motion for Sanctions (Dkt. Nos. 43-45).

Plaintiff's counsel could have dismissed this baseless case during the Rule 11 safe-harbor period but declined to do so. Alternatively, Plaintiff's counsel could have dismissed the case shortly afterwards, when the parties agreed to independent testing of retained samples of the product specifically chosen by Plaintiff's counsel, and the lab confirmed the samples contained the promised amount of magnesium, as Piping Rock explained in its letter to Your Honor dated May 28, 2026 (Dkt. No. 47). But Plaintiff's counsel reneged on his commitment to dismiss the case after those tests confirmed what Piping Rock already knew. Instead, Plaintiff's counsel pursued a maximalist discovery strategy which, among other things, required Piping Rock to hire temporary workers to dig through hard-copy archives looking for records of the ingredients used in every batch of the product manufactured since the product's launch in 2019.

Piping Rock suspects that Plaintiff's counsel pushed for this unnecessary discovery, saddling Piping Rock with hundreds of thousands of dollars of excess costs, to put settlement pressure on the company. Piping Rock, however, stood by its product and would not settle a lawsuit it knew to be baseless. Now that Plaintiff's counsel had no choice but to dismiss, Piping Rock respectfully requests that the Court examine Plaintiff's counsel's conduct in prolonging this case long after Plaintiff's counsel had every reason to know the claims lacked merit. Piping Rock stands ready to appear for oral argument on its motion, and/or to submit supplemental briefing regarding Plaintiff's counsel's conduct since the last round of briefing concluded.

Respectfully submitted,

Jeffrey S. Jacobson