LEMBERG LAW

**Sergei Lemberg**

43 Danbury Road
Wilton, CT 06897
Tel: 203-653-2250

Office:203-653-2250 x5500
Fax:203-653-3424
Email:slemberg@lemberglaw.com

September 23, 2026

**BY ECF**

Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

Re: *Greene v. Piping Rock Health Products, Inc.,* No. 2:24-cv-08383
Response to Letter of September 21, 2026 (Dkt. 60) and Request for Leave to File Supplemental Memorandum[1]

Dear Judge Azrack:

Plaintiff's mislabeling allegations in this case rested on the mathematical impossibility reflected on Defendant's supplemental label concerning their contents. Discovery produced by Defendant, including the recent deposition of Abe Vaynberg, the formulator then in charge, addressed a central factual question in this action, and Plaintiff thereafter informed Defendant that she would voluntarily dismiss her claims and has done so. (Dkt. No. 59).

Plaintiff did not demand that Defendant withdraw its motion for sanctions as a condition of dismissal. Nor did Plaintiff previously demand that Defendant "settle" the case as a condition of dismissal, or to avoid discovery or for anything else. Plaintiff did request that Defendant withdraw the motion for sanctions, but it declined to do so.

Because the limited discovery that was conducted in this matter further supports denial of the motion, Plaintiff requests leave to submit a brief supplemental memorandum. Specifically, Defendant produced a formula – version 3 of the GM0042 formula – extant during the relevant period which specified a magnesium citrate amount of 533.50 mg, approximately 29% less than the amounts notionally represented on the product label.

Plaintiff was well within her rights to conduct discovery into this issue. At the deposition of Mr. Vaynberg he testified that version 3 was erroneous, attributed its formulation to an "idiot,"

[1] Pursuant to the Court's Order dated July 27, 2026 (Dkt. 54), the parties were to submit a joint status report to Judge Dunst on September 18, 2026. Plaintiff circulated a proposed status report, which largely set forth her position below. Defendant did not supply its own portion and, instead, submitted its letter on monday (Dkt. 60). Thus, Plaintiff submits this response.

but stated that it was not used in manufacture. (Vaynberg Tr. 60:11-62:7 (Exhibit A)). The existence of this formula and Mr. Vaynberg's testimony directly contradicts the basis for the motion for sanctions and Defendant's representations therein. Therefore, Plaintiff respectfully requests leave to file a supplemental memorandum of law in opposition to the Motion for Sanctions, not to exceed five pages, to address this new evidence.

Discovery in this matter was supervised by Magistrate Judge Dunst who chastised defense counsel for delay tactics and the filing of a premature sanctions motion. (*see* Conf. Tr. (Dkt. 55, pp 2-14) at 10:13-19 regarding Defendant's counsel (the Court: "it's abundantly clear to me what's been going on in this case since your notice of appearance in terms of the delay tactics and the obvious gamesmanship")).

To the extent an examination is of these proceedings is appropriate, the matter should be referred to Judge Dunst who is familiar with the issues and parties.

Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg
*Attorney for Plaintiff*